### John Beard v. Jedediah Spalding.

*Practice: trial in Circuit Court after reference to an auditor.*—Where a cause has been referred by the Circuit Court to an auditor, under § 4197 of the Compiled Laws, depositions which have been taken by the auditor, and returned into Court with his report, but not attached to or forming a part of it, can not be used as evidence on the trial of the cause in the Circuit Court.

*Heard April 13th. Decided April 19th.*

Error to St. Clair Circuit. The case is stated in the opinion.

*W. T. Mitchell* and *C. I. Walker*, for plaintiff in error.

*Conger & Harris* and *A. B. Maynard*, for defendant in error, referred to 11 *Pick.* 358; 19 *Pick.* 96; 5 *Met.* 373; 4 *Met.* 40; 8 *Met.* 434.

MANNING J.:

There are a number of exceptions to the rulings of the Court, but they all turn on a single point, viz: the right of the parties to use on the trial depositions taken by the auditor and returned into court with his report, but not attached to or forming a part of it. We must look for a solution of this question to the statute.

Section 4197 of the Compiled Laws, provides that whenever a cause is at issue, and it shall appear that the trial will require the investigation of accounts, or the examination of vouchers, the Court may appoint one or more auditors to hear the parties, and examine their vouchers, and evidence, and to state the account and make report thereof to the Court. The four following sections relate to the swearing of the auditors, the giving of notice to the parties of the time and place of their meeting, a hearing by all of the auditors and a report by a majority of them, the summoning and swearing of witnesses, discharging the auditors and appointing others, and recommitting the report for revision or further examination. Then comes § 4202, which is in these words: "The report of the auditors, if there be no legal objection to it, may be used by either party as evidence on the trial before the jury, but it may be impeached and disproved by other evidence produced on the trial by either party."

It is to be observed that the statute does not require the auditors to take the examination of witnesses in writing, or to keep any note or memorandum of the evidence before them. There is no objection to their doing so, and it is highly proper they should keep minutes of the testimony for their own reference. But such minutes, when kept by them, are a private memorandum to be used by themselves only, and not on the trial of the cause. The account stated and reported by the auditors, and nothing else, is made evidence by the statute for either party that may see fit to use it on the trial. If neither party think proper to use it, it is not evidence in the cause. And if used, it is not conclusive, and may be disproved by other evidence. It is not evidence of the balance found by the auditors only, but of each item in both sides of the account, any one of which may be disproved on the trial, without affecting the other items in the account, by witnesses who have been examined before the auditors,

or any competent evidence. That such is the object of the statute we think too clear to admit of a doubt. And if a like statute in a sister State has been construed by its courts to admit depositions taken by the auditors to be used on the trial, without the assent of the parties—which we do not think is the case—we do not feel bound by such construction.

The Court below erred in admitting the evidence objected to, and the judgment is reversed, with costs, and a new trial ordered.

The other Justices concurred.