Weaver v. Weaver

---

[No. 1291, February 28, 1910.]

S. J. WEAVER, Appellant, v. A. M. WEAVER, Appellee.

SYLLABUS (BY THE COURT.)

When the question of the court's jurisdiction to entertain an appeal necessarily involves the consideration of the validity of the proceedings complained of, the disposition of a motion to dismiss the appeal will be postponed to the hearing on the merits.

JONES & ROGERS for Appellant.

The lower court was without jurisdiction to disturb decree of divorce and its order and decree attempting to vacate the same was null and void as well as final and therefore appealable. Barnett v. Barnett, 9 N. M. 205; 18 Ency. Pl. & Prac. 1012; Gray v. Moore, 7 Gray 215; 9 Enc. Pl. and Prac. 684, 7 Id. 145; Gray v. Earl, 13 Iowa 188; Knox v. Smith, 4 Howard 298; Noonan v. Lee, 2 Black U. S. 499; Voorhees v. Bonesteel, 16 Wallace 16; Very v. Levy, 13 Howard 345; Patton v. Taylor, 7 Howard 132; C. L. 1897, secs. 905, 2875; Bronson v. Schulten, 104 U. S. 415; Phillips v. Negley, 117 U. S. 665; Bank v. Hawley, 50 Fed. 319; Maynard v. Perault, 30 Mich. 161; Allen v. Wilson, 21 Fed. 882; Terry v. Commercial Bank of Alabama, 92 U. S. 454; Laws of 1905, chap. 26; Post v. Wallace, 20 Atl., Pa. 409; Mich. Ins. Co. v. Whittemore, 12 Mich. 311; The People v. Ferris, 33 N. Y. 220; Hume v. Bowie, 148 U. S. 246; 2 Enc. Pl. and Prac. 109; Octgen v. Ross, 36 Ill. 335; Guthrie v. Guthrie, 30 N. W., Ia. 779; Spencer v. Thistle, 13 N. W., Neb. 214; Wm. Deering Co. v. Creighton, 38 Pac., Or. 710.

STEPHEN B. DAVIS, Jr., for Appellee.

The only judgments or decisions of the District Court from which appeals may be taken to the Supreme Court are such as are final. Organic Act, sec. 10, September 9, 1850; Laws of 1907, ch. 57, sec. 1; Jung v. Myer, 68 Pac. 933; Cutter & Neilson Co. v. Hinman, et al., 89 Pac. 267; Harrison v. Perea, 11 N. M. 505, 70 Pac. 558; Machen v. Keeler, 68 Pac. 937; Board of Co. Com. v. Blackington, 68 Pac. 938; Lodge v. Tirell, 135 U. S. 232; M. K. & P. Ry. Co. v. Dinsmore, 108 U. S. 30; Bostwick v. Brinkerhoff, 106 U. S. 3; In re Norton, 108 U. S. 237; Winthrop Iron Co. v. Meeker, 109 U. S. 180; St. Louis I. M. & S. Co. v. So. Exp. Co., 108 U. S. 24; Grant v. Phoenix Mutual Life Ins. Co., 106 U. S. 429; Bent v. Miranda, 8 N. M. 78; Huntington v. Moore, 1 N. M. 471; Bucher v. Thompson, 7 N. M. 599; Territory v. Las Vegas Grant, 6 N. M. 87; Jung v. Myer, 68 Pac. 933.

An order opening a decree and allowing further litigation in the case in the court below is an interlocutory and not a final order. Territory v. Las Vegas Grant, 6 N. M. 87; Hume v. Bowie, 148 U. S. 245; Wade v. McLeyer, 63 N. Y. 318; Miller v. Tyler, 58 N. Y. 477; Davis v. Borst, 58 N. Y. 669; Higgins v. Brown, 5 Colo. 345; Owen v. Going, 7 Colo. 85; Felt v. Cook, 87 Pac. 1092; Everett v. Jones, 91 Pac. 360; Rauer's Law & Collection Co. v. Stanley, 84 Pac. 214; Sengfelder v. Powell-Sanders Co., 82 Pac. 931; Connor v. Peugh, 18 How. 394; Phillips v. Negley, 117 U. S. 665; Staab v. A. & P. R. R. Co., 3 N. M. 606.

Courts of equity have inherent power to set aside and vacate judgments or decrees obtained through fraud or rendered without jurisdiction. This is a power not depending upon any statute but inherent in the very nature of the court. Black on Judgments, Volume 1, Paragraph 321; Edson v. Edson, 108 Mass. 590; Johnson v. Clemen, 23 Wis. 452; Crauch v. Crauch, 30 Wis. 667; Holmes v. Holmes, 63 Main 420; Adams v. Adams, 51 N. H. 388; Rawlins v. Rawlins, 18 Fla. 345; True v. True, 6 Minn. 458; Young v. Young, 17 Minn. 181; Allen v. McClellan, 12 Penn. 328; Boyd's Appeal, 38 Penn. St. 241; Whit-

comb v. Whitcomb, 46 Ia. 437; Everett v. Everett, 18 N. W. 637.

The District Courts of this Territory sitting as courts of equity are always in session and the session is continuous. C. L. 1897, sec. 2875; Nelson v. Meehan, 155 Fed. 1; Fowler v. Equitable Trust Co., 141 U. S. 384; Stockleger v. United States, 116 Fed. 590.

### STATEMENT OF FACTS.

The appellant, S. J. Weaver, sued for divorce. The marriage which it was sought to dissolve occurred in the State of New York and the parties had never resided together in New Mexico. The cause proceeded on constructive service. The defendant did not appear, and on November 1, 1905, plaintiff secured a decree as prayed.

On October 8, 1908, the defendant filed her motion to set aside the decree. This motion was sustained and the cause re-opened. She thereupon filed a demurrer to the complaint, which is still pending in the trial court. The plaintiff then appealed from the order vacating his decree of divorce. A motion is made to dismiss the appeal on the ground that the appeal is not from a final judgment.

### OPINION OF THE COURT.

POPE, J.—[After making the foregoing statement of facts:] It is the law of this Territory that appeals lie only from final judgments. Indeed, the organic act prohibits entertaining appeals from any other class of decisions. Jung v. Myer, 11 N. M. 378; De Harrison v. Perea, 11 N. M. 505; Cutler v. Hinman, 14 N. M. 62.

Upon this basis appellee contends that the appeal should be dismissed because the order vacating the original decree was discretionary and was not a final judgment. The appellant does not contest the proposition that only final judgments are appealable, but contends that the order complained of was for purposes of appeal, a final judgment for the reason that the court below was without jurisdiction to make it. To support this contention Phillips v. Negley, 117 U. S. 665, is cited. It was held in that case that an order vacating

a judgment rendered at a preceding term was appealable and this upon the ground that under the facts of that case the judgment had passed beyond the control of the court. We agree with the appellant, following the case just cited, that if the court below exceeded its power in sustaining a motion to vacate, such decision is appealable. But how are we to determine whether the court did exceed its power save upon an examination of the grounds upon which it proceeded? And how are we to examine those grounds if we dismiss the appeal? The mere fact that the original decree was vacated at a term subsequent to the term of its entry does not of itself establish that the court acted without jurisdiction. Circumstances are conceivable under which such action even at a subsequent term would be within the power of the court. We deem it anticipating the present case to discuss what might constitute such circumstances. It is sufficient to say that they may exist, and to determine that they do not exist so as to dismiss this appeal we would have to examine the grounds of the motion to vacate. In other words, in order to determine whether we had jurisdiction to decide the case, we would in effect have to consider it and decide it.

We deem this situation within the reasoning of Michigan Insurance Company v. Whittemore, 12 Mich. 310, where, in overruling a motion to dismiss the appeal, it is said: "But it is stated that the granting of the motion was discretionary in the court below. Conceding it to be so, how is this court to determine that question without looking into the nature and merits of the motion on which the order appealed from was made, and how can it do this on a motion to dismiss the appeal without inquiring into the merits of the appeal itself? There may be no ground for appeal, but that does not go to the right to appeal."

So in Phillips v. Negley, *supra,* it was said:

"The question of our jurisdiction is necessarily included in the question of the validity of the proceeding itself."

Following the practice in the cases just cited we conceive it to be proper in cases such as this to postpone a

motion to dismiss to the hearing on the merits, and in this case it is so ordered.

Mechem, Justice, who was absent, did not participate in this decision.

### SYLLABUS (BY THE COURT.)