## JOHN TITLEY
### v.
## FRED KAEHLER ET AL.

1. PRACTICE—AFFIDAVITS TO DISPROVE RECORD.—Facts properly appearing of record are conclusive, and cannot be impeached by affidavits; but where the record is faulty in not making a proper statement, affidavits may be resorted to for the purpose of ascertaining what was meant.

2. CALL OF CASES—CALENDAR—PRELIMINARY CALL.—Where the record states that an appeal was dismissed upon the call of the "calendar," and does not show that such appeal was dismissed when reached *for trial* upon the regular call of the docket, it is irregular, and the order of dismissal will be set aside.

3. APPEAL FROM JUSTICE COURT—TRIAL DE NOVO.—Upon an appeal from a judgment of a judgment of a justice, the cause stands for trial *de novo* in the appellate court, and the parties have the same standing in the latter court as if the suit had been originally brought in that court.

APPEAL from the Circuit Court of Cook county; the Hon. ELLIOTT ANTHONY, of the Superior Court, sitting as Circuit Judge, presiding. Opinion filed January 4, 1882.

This was a suit brought by Fred Kaehler and others, against John Titley and Ira H. Wilson, before a justice of the peace of Cook county. On the trial before the justice, the suit was dismissed as to Wilson, and judgment was rendered against Titley for $133.88 and costs, from which judgment Titley appealed to the circuit court. The appeal was perfected February 10, 1880, by filing an appeal bond with the clerk of the circuit court. On the 23rd day of the same month, the plaintiffs entered their appearance in writing, and the transcript and papers from the justice were filed in the circuit court on the 4th day of the following March. On the 23rd day of March, 1881, the appeal was dismissed for want of prosecution, the order of dismissal appearing in the record being as follows:

" And now at this day, said cause being reached on the call of the calendar, and the defendant not being present nor any one for him, thereupon, on motion of said plaintiffs, by their attorney, it is ordered by the court that said appeal be, and it

is dismissed out of this court for want of prosecution, at said defendant's costs, and that said plaintiff have *procedendo* to the court below. And now here, on motion, the court assesses plaintiffs' damages against defendant for delay to the sum of $13.38. Wherefore, it is considered that said plaintiff recover of said defendant $13.38, their statutory damages, so as aforesaid by the court assessed, together with their costs in this court in this behalf expended, to be taxed, and have execution therefor."

Three days afterwards, and at the same term of court, the defendant entered his motion to vacate the foregoing order, and in support of such motion read various affidavits, showing that said appeal was dismissed on a preliminary call of the docket; that the trial calendar of the judge before whom the case was pending for the day on which the order of dismissal was entered, commenced at number 207, and ended at number 399, this cause being number 496, so that it could not have been reached for trial in regular order for several days thereafter. The affidavits further show that on the morning of the day on which the appeal was dismissed, the defendant's attorneys learned the fact that there was to be a preliminary call of the docket before said judge, and having a case of an earlier number, which they understood would be within such preliminary call, one of them attended until the last mentioned case was passed on such call, and that before the call was concluded, he was summoned into another court-room to attend to matters relating to another case, which stood for trial there on the same day, and which demanded his immediate attention; that defendant's attorneys supposed that the preliminary call would only embrace fifty cases, which would not include the present case, and that they had no suspicion that this case was within the call until the next morning, when they ascertained that the appeal had been dismissed. The affidavits also tend to show that the defendant had a good defense to the action on the merits.

On the hearing of the motion, the court refused to vacate the order of dismissal, to which decision the defendant duly excepted, and now brings the record to this court by appeal.

Titley v. Kaehler.

Messrs. ELLIS & MEEK, for appellant; arguing against the authority of the court to establish a special rule as to the call of cases, cited Constitution, Art. VI, § 29; The People v. Rumsey, 64 Ill. 44; Mitchell v. The People, 70 Ill. 138: Rev. Stat. Chap. 110, § 15; Griswold v. Shaw, 79 Ill. 449; Fisher v. Nat. Bank, 73 Ill. 34.

The trial of appealed cases is *de novo:* Tindall v. Meeker, 1 Scam. 137; Frye v. Tucker, 24 Ill. 180.

Mr. H. W. WOLSELEY, for appellees; that setting aside a default is discretionary with the court, cited Constantine v. Wells, 83 Ill. 192; P. &. R. I. R'y Co. v. Mitchell, 74 Ill. 394; Mendell v. Kimball, 85 Ill. 582; Smith v. Davis, 89 Ill. 203.

The affidavits in support of the motion fail to show diligence on the part of the appellant or his attorneys: Linington v. Strong, 8 Bradwell, 388; Mendell v. Kimball, 85, Ill. 582; Kern v. Strasberger, 71 Ill. 415; Panton v. Manley, 89 Ill. 458.

BAILEY, J. The judgment of the court below dismissing the appeal in this case, recites that, " said cause being reached on the call of the calendar," etc., the appeal was dismissed for want of prosecution. The point is made that by this recital, the order of dismissal appears to have been entered when the cause was reached for trial in its order on the docket, and that this fact thus established, cannot be controverted by the affidavits filed in support of the motion to vacate the order. We agree with counsel that facts properly appearing by the record are conclusively proven, and that their truth cannot be impeached by affidavits. We are of the opinion, however, that the record in this case, when properly interpreted, fails to show that the cause was reached for trial in its order on the docket.

The record speaks only of a "call of the *calendar."* The word " calendar" is not used in our statute, and it may or may not be synonymous with the statutory word "docket." Its ordinary signification is, a list or enumeration of causes arranged for trial in court, but there is nothing in the word from which it can be determined how such list was made up, or

upon what principle the various causes were arranged thereon
The statute requires the clerks of courts to keep a *docket*
which shall contain the names of the parties, etc., to all causes
pending in their respective courts, arranged in the order of
the dates of their commencement. The record here, however
instead of employing the statutory word, uses one which may
signify a list made up upon entirely different principles, and
we must therefore hold that it fails to show that the cause was
reached in its order on the docket. It may, furthermore, be
observed, that the record does not state that the cause was
reached *for trial*, or upon a call of the calendar, where the
causes were being called for trial, but, so far as appears, it may
have been upon precisely such preliminary call as is described
in the affidavits. We are at liberty, therefore, to look into
the affidavits for the purpose of ascertaining the circumstances
under which the appeal was dismissed.

The affidavits show that it was dismissed for want of prose-
cution, on a preliminary call of the docket, the only default in
the prosecution of his appeal alleged against the defendant,
being a failure to appear and respond to such call. At that
time the cause had not been reached in its order on the
docket, and as the business of the court was then progressing,
it could not have been reached for several days thereafter.
The only question then for us to consider is, whether the mere
absence of the defendant from this preliminary call, consti-
tuted, of itself, a failure to prosecute his appeal.

The record fails to show the existence of any rule of prac-
tice in the circuit court of Cook county in relation to prelim-
inary calls of the docket, and this case, therefore, must be
decided on the assumption that no such rule exists. As to
what the proper practice would be if such a rule were adopted
and entered of record, we desire to express no opinion.

Under our practice, an appeal from a justice of the peace
brings the cause into the appellate court for trial *de novo*, on
the merits. Section 72 of the statute in relation to justices
and constables, provides that in the appellate court no ex-
ception shall be taken to the process or proceedings before the
justice, " but the court shall hear and determine the same in

Titley v. Kaehler.

a summary way, according to the justice of the case, without pleading in writing; " and section 74 of the same statute is as follows: "The plaintiff in the justice's court shall be plaintiff in the appellate court, on the trial of the appeal, *and the rights of the parties shall be the same as in original actions.*" It is plain that by these provisions of the statute, the parties to a suit brought into the circuit court by appeal from a justice of the peace, stand upon precisely the same footing with parties to suits originally brought in the circuit court, except that the pleadings need not be in writing. The appeal is merely a mode by which the parties and the matters in controversy between them are brought before the court; but the appeal being once perfected and the parties in court, their relations to the court and to each other are identical with those of parties to original actions.

It may be conceded to be the duty of parties to actions whether original or brought into court by appeal, to appear in court whenever the case is liable to be called, for the purpose of taking any step in its prosecution or defense. Thus, in original actions, the parties may be required to appear for purposes of pleading until issues are finally reached, and in all cases they may be called upon to be present in court to answer to motions or other proceedings in the course of the litigation, or when the cause is reached for trial. But we know of no rule of practice, either prevailing at common law or created by any statute, which makes it incumbent upon a party litigant or his attorney to be in attendance upon court at a time when no step is to be taken in the prosecution or defense of his suit.

In appeal cases, after the appeal bond is filed, the transcript and papers returned by the justice, and the appearance of the appellee entered, all the steps necessary to entitle the appellant to a trial *de novo* have been taken. After that, there is no further occasion, in order to the due prosecution of the appeal, for him to be present in court, until the cause is reached for trial. If he absents himself at that time, he may undoubtedly be regarded as having abandoned his appeal, and it may then be dismissed for want of prosecution. But his absence on other occasions, when no steps are to be taken in his case, and

when it cannot be reached or called for trial, is no abandonment or neglect of his appeal, and cannot, by any process of reasoning, be tortured into a failure to prosecute it.

The practice of making preliminary calls of the docket which, it seems, has prevailed to some extent in the courts of Cook county, has, as we may presume, been adopted for the purpose of obtaining in advance information as to the condition of the business before the court. This information, doubtless, is highly desirable for the guidance, both of the court, and of the attorneys and suitors who may have business before it. But it must be conceded, that the practice is based upon no rule of either common or statutory law, and in the absence of any rule of court authorizing it, it is without warrant of law, and rests upon the mere will of the judge who presides over the court. We do not say that, even under these circumstances, the court may not properly call over the docket in advance, to ascertain, so far as practicable, what causes may be ready for trial; but we do not think the court has power to compel the attendance of suitors or their attorneys upon such call, in such sense as to hold them in default for non-attendance, and dismiss them out of court; or, as in this case, enter an order which becomes, by operation of law, a final adjudication between the parties of the subject matter of the litigation.

In the case of Kilian v. Clark, decided at this term, we considered the same question presented here, and we still adhere to the views expressed in the opinion in that case.

We think the absence of the defendant in this case from the preliminary call of the docket, was not a failure to prosecute his appeal, and that the order of the court dismissing the appeal for that cause was erroneous. The judgment will be reversed and the cause remanded.

Judgment reversed.