MANUEL M. SILVA *v.* ROBERT HIND, LIMITED, AN HAWAIIAN CORPORATION, DOING BUSINESS AS HIND-CLARKE DAIRY.

No. 2202.

ARGUED APRIL 5, 1935.          DECIDED MAY 11, 1935.

COKE, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This is an action in tort which, after issue joined and demand for jury trial, was dismissed for want of prosecution by the judge of the third division of the first circuit court (in which said action was then pending) of his own

motion. Upon motion of plaintiff, opposed by defendant, at the next succeeding term in the second division of said circuit court that the dismissal order be set aside and that said cause be reinstated and placed on the ready calendar for trial, three questions of law expressly intended to test the power of the trial court in the circumstances herein recited to vacate said order of dismissal were reserved by the judge of the second division of said court *ex mero motu,* under the provisions of section 2513, R. L. 1925.

Matters presented by the record are in part as follows: Complaint in the case at bar, filed January 10, 1933, averred in part and in effect that on the morning of January 13, 1931, plaintiff, without contributory negligence on his part, was struck down and run over by an automobile delivery truck owned by the defendant corporation and then being operated in its service and under its orders by an agent or employee of said defendant; that plaintiff thereby suffered serious bodily injury, therein described, such injury having been caused by the negligence of said agent or employee in the faulty operation, at the time, place, and in the particulars specified, of said automobile truck. Damages were prayed in the sum of $25,000. On the day prior to the commencement of said action at law the plaintiff had begun in said first circuit court a proceeding in equity entitled "Manuel M. Silva, Petitioner, vs. Robert Hind, Limited, et al.," wherein he sought to have canceled a release executed by him under date of January 26, 1931, in consideration of the sum of $84.50, discharging the respondent, Robert Hind, Limited, "from all claims, demands, damages, actions, or causes of action, on account of injuries resulting, or to result" from the accident; and wherein he sought to enjoin the respondents from using or pleading the said release in defense of said action at law. Upon a hearing on the merits the relief prayed for in the petition was granted, upon the ground that the release had

been executed upon a mutual mistake as to whether or not the appellee had in fact completely recovered at the date of said release. Upon appeal the decree of the circuit judge was affirmed by this court (*Silva* v. *Hind-Clarke Dairy,* 32 Haw. 936) and the decree of this court has been affirmed, upon appeal, by the ninth circuit court of appeals (Robert Hind, Limited, et al., vs. Manuel M. Silva, No. 7430, Advance Sheets January 21, 1935).

As herein earlier recited the present action was commenced at a time subsequent to the filing of the bill in equity above referred to and steps were taken in the law proceeding by both parties after the filing of said bill. For instance, on January 17, 1933, defendant in the action at law filed a plea in abatement based upon the pendency of said equitable proceeding, in which plea it was averred that complete relief was obtainable in said last-named proceeding. On January 31, 1933, the plaintiff filed a demurrer to said plea in abatement. On May 3, 1933, the court, as recited in the reservation, "after hearing the argument of counsel, sustained the plea in abatement in part, to wit, that the defendant" be "granted ten days after the certification of the decree final" in the equity proceeding, "adverse or otherwise, within which to file an answer in the law action." On July 22, 1933, three days after the entry of the circuit judge's decree granting the injunctive relief prayed in the equity proceeding, defendant in the action at law filed an answer of general denial giving notice that it would rely on the defense of release and payment. On July 24, 1933, plaintiff filed his demand for a jury trial.

So far as the record before us discloses no motion or order for a stay, except with reference to an extension of time to answer as above set forth, was ever entered in the action at law; and the only injunctive relief in the premises prayed or granted in equity is that hereinabove set forth.

On September 7, 1934, while said equity case was still pending on appeal in the ninth circuit court of appeals, the newly appointed judge of the third division of said first circuit court, to which division the law calendar of said first circuit had theretofore been assigned, entered an order in term, as shown by the minutes of a clerk of said court, directing that a notice be posted on the courtroom door, on the door of the clerk's office of the third division, on the bulletin board of the chief clerk's office first circuit court, and that copies be mailed to the clerks of the second, third, fourth and fifth circuits for posting on the bulletin boards of those courts, and that copies be mailed to all of the attorneys in the first circuit court, containing among others the following statements: "Notice. Because of the large number of dead cases disposed of on September 4, 1934, at the least inconvenience to counsel, it has been deemed expedient to apply the same system in an endeavor to clear the calendar of the remaining dead cases. All parties litigant and their counsel are hereby notified that unless they serve and file on or before October 10, 1934, a motion to set in each cause filed prior to September 1, 1934, and now pending on the law side of the calendar, third division, noticed for October 13, 1934, at 9 A. M., *the cause will be dismissed for want of prosecution,* unless said cause is already set for trial or is one in which a motion to set has been filed subsequent to July 16, 1934, or is pending on writ of error or exceptions." Notices in conformity with said order were thereafter posted and the clerk at the direction of the judge made up a list of cases assumed to be within the foregoing classification, which list included, among others, the above entitled case of Silva v. Robert Hind, Limited. On October 13, 1934, the foregoing order was modified as shown by a minute entry in the following words: "General Order of Dismissal for Want of Prosecution. By the Court: Before we start off on these cases

that are on the calendar, I wanted to make this order in conformity to the order issued on the seventh of September last to the effect that unless a motion to set in each case filed prior to the first of September, 1934, is now pending on the law side of the calendar of the third division noticed for October 13, 1934, at 9 o'clock a. m., the cause of the appeal, as the case may be, will be dismissed for want of prosecution unless the cause is set for trial or is one in which a motion to set has been filed subsequent to July 16, 1934, or is pending on writ of error, appeal, or exceptions. I am going to add one other exception here to the effect that where the cases have been filed during the last year and are not at issue because of some stipulation for time or any other cause, such as lack of service, or whatever it may be, or demurrer which has not been determined, if that case is not at issue it will not be dismissed. A minute order will be made and an order of dismissal will be made in each of those cases."

On November 15, 1934, an "Order of Dismissal," dated October 13, 1934, entitled in the aforesaid action at law, was filed therein. Said order is in the following words: "Order of Dismissal. Due and sufficient notice having been given and no action in the above entitled matter as required by said notice having been taken and good cause appearing: It is therefore ordered, adjudged and decreed by the court that said cause be and the same is hereby dismissed for want of prosecution." The order last above quoted bears what is alleged without contradiction, and what the judge of the second division found to be, a rubber-stamp facsimile of the third judge's signature and it is attested by the clerk. The record does not show that a copy of the same was ever served upon the plaintiff or his attorney or that it ever came to the attention of either one of them prior to February 7, 1935. At that time and at the time of the order of dismissal the two-year limitation

period within which plaintiff might have recommenced his action had long since expired.

In the equity case the decree of this court on appeal is dated February 7, 1934, and the notice of said decree February 14, 1934, which notice was later recalled, because of defendant's proposed appeal to the ninth circuit court of appeals, by order dated February 17, 1934. Order allowing appeal to said ninth circuit court was filed on the same day. Said appeal was heard November 5, 1934, and the opinion of the ninth circuit court of appeals affirming the decision of this court was filed January 21, 1935. By order dated and filed February 19, 1935, mandate of said last-named court was stayed until and including March 23, 1935. Mandate directed to this court was thereafter issued under date of March 25, 1935, and was received April 4, 1935.

In the action at law in the first circuit court plaintiff on February 1, 1935, filed motion to set and noticed the same for hearing on February 7, 1935. Affidavit of plaintiff's counsel avers that on the said last-named date he was apprised for the first time of the order of dismissal hereinabove quoted. On February 13, 1935, plaintiff filed a motion that said order of dismissal be set aside and that the cause be reinstated and placed on the ready calendar for trial, the motion being supported by the affidavit last above referred to. Plaintiff's said motion is opposed by counsel for defendant on the ground, among others, that the trial court "is without jurisdiction to pass upon plaintiff's motion to vacate said order of dismissal and reinstate the cause." Defendant in opposing said motion has filed counteraffidavits and a certificate of the judge of the third division of said first circuit court, the latter setting forth among other things, "that the general order of dismissal, which included the above entitled action, and the specific order dismissing the above entitled action, were entered

not through any mistake, inadvertence or misprision of the undersigned, nor of any clerk of this court, but by reason of the noncompliance with the aforesaid order and notice."

The specific questions reserved to this court by the judge of the second division of the first circuit court are as follows: "1. Did the third judge of the first circuit court have authority to issue the order dated September 7, 1934, and were the proceedings had thereunder within the power of said judge? 2. Was an order entered finally dismissing the above entitled cause? 3. Has the circuit court jurisdiction to set aside the order of dismissal entered in the above entitled cause?"

*In limine* it should be observed that no single step in the proceeding in equity operated automatically as a stay of the action at law and that no stay of the latter was specifically ordered. The ruling upon the plea in abatement above referred to did not stay the action generally, but specifically granted the defendant an extension of time within which to answer—a privilege of which the defendant availed itself temporarily until July 22, 1933, when its answer was filed despite the continued pendency of the proceeding in equity. From the pleadings filed and the steps taken by the parties and from the orders made by the court as hereinabove recited, it is apparent that neither plaintiff, defendant nor the court treated the action at law as stayed by the proceeding in equity or by order of court.

Coming now to a specific consideration of the questions propounded by the judge of the second division: "1. Did the third judge of the first circuit court have authority to issue the order dated September 7, 1934, and were the proceedings had thereunder within the power of said judge?" Section 2259, R. L. 1925 (now § 3656, R. L. 1935), provides in part: "The judges of the several circuit courts, with the approval of the supreme court, shall have power to

make, promulgate, and from time to time revise and amend rules for regulating the practice and conducting the business of the circuit courts and circuit judges at chambers of and in the several judicial circuits, in all matters not expressly provided by law." The procedure required for the dismissal of civil cases for want of prosecution is "expressly provided by law." Section 2392, R. L. 1925 (now § 4107, R. L. 1935), provides in part as follows: "When a cause is reached upon the calendar, the plaintiff shall be called by the clerk, and if the plaintiff be not present, nor represented by counsel who is present, or if he or his counsel being present decline to answer when so called, he may be declared nonsuit with costs." Other sections (using the 1925 revision numbers) contain the following provisions. Section 2388: "The several courts of record may, from time to time, make such rules as they may deem necessary, for the guidance of their respective clerks in making up calendars of the causes, civil and criminal, coming on for trial in said courts." Section 2390: "Every action in the circuit courts shall be tried at the term of court to which the summons therein is returnable unless such action is continued according to law." Section 2391: "Causes placed upon the calendar shall be taken up and disposed of in the order in which they stand, unless postponed by the court at the request of the plaintiff or the defendant." The three sections last above quoted are numbered, respectively, 4103, 4105 and 4106 in the 1935 revision. They do not remove any of the requirements of section 2392 above quoted.

Whether the purpose of the aforesaid order of September 7 was the establishment of a new rule under the provisions of section 2259 or of section 2388 above quoted, or under the inherent power of the court in that respect, it was ineffective for such purpose because, without regard to other possible reasons, it was in conflict with the above-

quoted portion of section 2392, which provides a different procedure for nonsuiting neglectful or recalcitrant plaintiffs. As an order of court it was invalid for the same reason. As a "notice" in the case at bar it was ineffective as against the plaintiff and would have been ineffective for the purpose named, even if there had been no defect in its service, for the combined reasons that it was not entitled in the case; it was not addressed to either party or to his or its counsel; it nowhere indicated that the case at bar was included within the general classification of "dead cases" therein referred to, and, like the order directing it, it proposed a method of disposing of cases at issue upon the calendar wholly at variance with the method set forth in section 2392, which specifically provides for a calling of the plaintiff when the cause is reached upon the calendar and a declaration of nonsuit upon plaintiff's failure to proceed only in one of the events specifically named.

The subsequent order of dismissal was likewise without notice and contrary to the procedure set forth as above quoted in section 2392. In the circumstances above recited, even in the absence of statute and rule on the subject, the order would have been invalid. Quoting from the opinion of this court in *Anderson* v. *Hawaiian Dredging Co.,* 24 Haw. 97, on page 108: "In *Payne* v. *Furtado,* 22 Haw. 723, 729, this court held that a garnishee was entitled to notice of hearing without reference to any statute or rule of court. In *Vivas* v. *Akoni,* 14 Haw. 115, where an appeal had been taken to the circuit court from a judgment of a district court, and the appeal was heard without notice to the appellee the judgment of the circuit court was vacated. Natural justice and the common law, as well as the Constitution, demand that a party whose rights are to be affected shall be given notice of the proceeding. So far as the statute relating to the proceeding is concerned it is sufficient if it provide for, or, at least, does not negative

the right of the adverse party to notice of the institution of the proceeding. The proceeding having been properly commenced, notice of the time of hearing must be given to the parties by the tribunal before which it is pending whether required by statute or rule or not."

For the reasons above set forth the orders of September 7 and October 13, 1934, above quoted, were void as against the plaintiff herein. To the extent above indicated the two questions included in the trial judge's first reservation are answered in the negative.

"2. Was an order entered finally dismissing the above entitled cause?" The second reserved question of the trial judge relates to the sufficiency or insufficiency of the "signing" of the order of October 13, and defendant's brief raises the additional question as to whether or not any "signing" by the judge is necessary to give validity to such an order. Except as hereinabove set forth the record is silent as to the circumstances under which the order was signed or issued. Whether the autograph signature of the judge is required or whether there are substituted methods of equal authenticity to give effect to orders of the kind now under consideration are questions not sufficiently presented by the facts before us. In any event a present determination of these problems is obviated by our answers to questions one and three. Question number two is returned unanswered.

As question number three the circuit judge asked: "Has the circuit court jurisdiction to set aside the order of dismissal entered in the above entitled cause?" Counsel for defendant note that said order is a final order and that no motion to vacate it was made during the term at which it was entered. Counsel urge that the record sufficiently shows that said order was made deliberately and not through misprision or mistake of the clerk or court; and that the said term having expired, because of these facts,

it is now too late to set the order aside or to reinstate the case. *Su Wai* v. *Soper*, 8 Haw. 184, is quoted in support of the plaintiff's position as follows: "The explanation furnished by the affidavit may absolve the plaintiff from fault, but the motion should have been made before the end of the term. We have no statute conferring power upon courts to vacate judgments except in the case of judgments by default. By the principles of the common law, the power of a court over its judgments ceases upon the final adjournment of the term in which they are rendered." The rule thus invoked is elsewhere more fully stated and applied as follows: "The order dismissing the complaint for failure to prosecute was a final disposition of the cause, and was therefore not within the power of the court to vacate after the term at which it was granted (U. S. v. Mayer, 235 U. S. 55, 35 Sup. Ct. 16, 59 L. Ed. 129), unless there are some circumstances in the case which take it out of the ordinary rule. The court may correct its judgment after the term, if there be a clerical error, or in case the judgment has been entered by misprision of the clerk, or for any error which the old writ of error coram nobis would have reached. Those errors are stated by Mr. Justice Hughes in U. S. v. Mayer, supra, 235 U. S. page 68, 35 Sup. Ct. page 19, 59 L. Ed. 129. They were only errors of law disclosed by the record, or 'errors in matters of fact which had not been put in issue or passed upon and were material to the validity and regularity of the legal proceeding itself.' " *Hamilton Coal Co.* v. *Watts*, 232 Fed. 832, 834.

Counsel also cite to the same effect and as authority in the premises the cases of *Wetmore* v. *Karrick*, 205 U. S. 141, and *Dillon* v. *United States*, 29 Fed. (2d) 246, the latter decided by the ninth circuit court of appeals in 1928. An extended review of these cases is deemed to be unnecessary. Each case can be differentiated by its own facts

from the case at bar. *Wetmore v. Karrick, supra,* was decided, so far as the questions of finality of judgment and time within which it may be vacated are concerned, according to the statutes and rules of court of Massachusetts, the State wherein the proceeding under review took place. Moreover, in that case the trial court's order of reinstatement at a subsequent term (which was the order under review) was made without notice to defendant—a material point in the supreme court's consideration of the case as is shown by the following excerpt from the report last above cited, on page 160: "To sanction a proceeding, rendering a new judgment without notice at a subsequent term, and hold that it is a judgment rendered with jurisdiction, and binding when set up elsewhere, would be to violate the fundamental principles of due process of law as we understand them, and do violence to that requirement of every system of enlightened jurisprudence which judges after it hears and condemns only after a party has had an opportunity to present his defense." *Dillon v. United States, supra,* was dismissed under a district court rule which provides that "causes which have been pending in this court for more than one year without any proceedings having been taken therein during such year may be dismissed, as of course, for want of prosecution, by the court on its own motion, at a general calling of a calendar prepared for the purpose by the clerk." Quoting from the text of the report last above cited, on page 247: "Admittedly, on January 11, 1926, the case was subject to the application of this rule, and the proceedings taken were in strict conformity therewith." In neither *Wetmore* v. *Karrick,* nor *Dillon* v. *United States,* did it appear, as it appears in the case at bar, that the rule or order invoked was contrary to statutory enactment.

In a more recent case in the ninth circuit court of appeals, entitled *Fidelity & Deposit Company of Maryland*

v. *MacGruer,* No. 7295, Advance Sheets, decided April 22, 1933, which had been dismissed in the district court for want of prosecution pursuant to a rule similar to the one quoted in *Dillon* v. *United States,* it appeared that a reference had been made, more than a year prior to said dismissal, to a master. The court said: "Where, as in this case, there has been a reference to a special master, the clerk's record would not show proceedings in respect to such reference unless some report be made or other action taken in respect thereto. The fact that the clerk's record might show no action taken within the year it would not follow therefrom that no such action was taken. In such case the clerk's record would not be sufficient to support an order of dismissal. If, as in this case, the order of dismissal was based solely on the clerk's record, the error thus made would be within the broad definition of clerical error, which may be corrected after the term."

In *Su Wai* v. *Soper, supra,* the judgment of nonsuit moved against at the succeeding term is not disclosed by the report to have been a void one. As was said by the appellate court of Illinois, "The rule that the court may not, after the lapse of the term, modify or set aside its final judgment, except motion to that end be entered at the judgment term, has no application to the vacating of void orders, and motions to expunge them should be granted." *Peterson* v. *Metropolitan Nat. Bank,* 88 Ill. App. 190, 191, citing *Keeler* v. *The People,* 160 Ill. 179; *Estate of Gould* v. *Watson,* 80 Ill. App. 242.

In the case at bar the orders referred to having been void as against the plaintiff the case was still pending at the close of the term at which said orders were made, and the case was carried over to the next ensuing term by the general order of continuance referred to by the judge of the second division in his statement upon reservation. The third question is answered in the affirmative.

*E. J. Botts* (also on the briefs) for plaintiff.

*N. M. Newmark* (*Robertson & Castle* on the brief) for defendant.