ERNEST E. GOO *v.* HEE FAT.

Nos. 2205 and 2206.

ARGUED JANUARY 12, 1937.                    DECIDED MARCH 17, 1937.

COKE, C. J., BANKS, J., AND CIRCUIT JUDGE METZGER
IN PLACE OF PETERS, J., DISQUALIFIED.

124

OPINION OF THE COURT BY COKE, C. J.

The above causes involving identical questions both of law and of fact have been consolidated by stipulation of parties and will be dealt with here accordingly. In the month of May, 1918, Ernest Goo, the plaintiff, plaintiff in error, instituted two actions in assumpsit against Hee Fat, defendant, defendant in error. The defendant answered denying generally all of the allegations of the complaints and gave notice of his intention to rely, among other defenses, upon fraud. No demand for trial by jury was made. The record discloses that following the filing of the answers, the causes were wholly neglected by both parties and remained in a state of suspended animation for twelve years, that is until the month of October, 1930, at which time plaintiff appeared in court and moved the causes on for trial. After further delay the causes were finally tried on June 1, 1931, at which time the plaintiff and his counsel were present but there was no appearance by defendant in person or otherwise. The court proceeded to hear the cases *ex parte* and following the introduction of plaintiff's evidence rendered judgments against the defendant for $9895.63, the full amount of the combined claims with interest. Judgments were docketed the same day. On January 13, 1932, and after the term of court at which the judgments were rendered had expired, plaintiff caused executions to issue on the judgments. Upon learning of this the defendant filed motions to reopen and vacate the judg-

ments. The motions are supported by affidavits of Mr. Ulrich of counsel for defendant and aver that neither the defendant nor his counsel had notice of the *ex parte* trials which took place on June 1, 1931; that the judgments were obtained through fraud practiced upon the court by plaintiff and that they were supported solely by the testimony of one Goo Wan Hoy, a person theretofore convicted of the crime of perjury in the circuit court of the first judicial circuit who was under the law incompetent to testify in any proceedings in any of the courts of the Territory. Defendant further alleged that he had no knowledge of the entry or existence of the judgments in question until after the issuance of execution in January, 1932, at which time the 1931 term of the circuit court had expired. After lengthy hearings and on March 2, 1932, the circuit judge entered orders vacating the judgments but upon certain terms and conditions, namely, that the defendant pay plaintiff on or before April 8, 1932, the costs taxed at $12.50, the plaintiff's costs of publication of notice of execution amounting to $70.63 and further pay to plaintiff's attorneys, Messrs. Smith, Wild and Beebe, an attorneys' fee in the sum of $25 and finally that at the retrial of said causes the defendant should rely solely upon the defenses of forgery and fraud. We think it may be fairly and naturally inferred from the record that the defendant paid to the plaintiff or his attorneys the several sums mentioned in the orders.

On April 13, 1932, the parties entered into a stipulation agreeing that the retrial of the causes be continued to May 17, 1932. For reasons not disclosed the case was again neglected by all parties until March 6, 1933, at which time plaintiff filed a motion to set. Nothing appears to have been done about this motion and on July 24, 1934, plaintiff again renewed his motion to set. On September 24, 1934, plaintiff caused subpoenas to issue requiring the appear-

ance in court on his behalf of numerous witnesses on September 26, 1934. For some reason no trial was had at that time and on October 2, 1934, the defendant moved to dismiss plaintiff's complaints for lack of prosecution. After hearing was had the circuit judge granted the motions and dismissed both actions for want of prosecution.

Following the orders of dismissal the causes have been removed into the supreme court by writ of error sued out by plaintiff. For fear apparently that something of value to him might escape plaintiff specifies twenty-seven separate assignments of error as the grounds for reversal. In his brief, however, he abandons all of these with the exception of assignments numbers 1 to 6, and 20 to 27. Further summarizing the plaintiff urges two errors, namely, (1) that the order dated March 2, 1932, vacating the judgments of June 1, 1931, and all decisions and orders of the circuit court entered after June 1, 1931, are void and (2) that assuming the court had jurisdiction to vacate the judgments of June 1, 1931, the court was without jurisdiction, power or authority to make the order of January 3, 1935, dismissing the cause and that such order was contrary to law. The plaintiff argues that the order of March 2, 1932, vacating the judgments rendered on June 1, 1931, and all subsequent orders are void because the court's jurisdiction over the cause ceased with the expiration of the 1931 term of the circuit court, citing in support of this position *Su Wai* v. *Soper,* 8 Haw. 184; *Holiona* v. *Kamai,* 24 Haw. 638; *Rhoades* v. *Maciel,* 25 Haw. 579; *Silva* v. *Hind-Clarke Dairy,* 33 Haw. 432; *United States* v. *Mayer,* 235 U. S. 55; 15 R. C. L. 678. In *Rhoades* v. *Maciel, supra,* this court said: "The entire proceedings had subsequently to the October 1918 term were null and void. It was one of the earliest doctrines of the common law that the record of a court might be changed or amended at any time during the term of the court in which a judgment was rendered, and

now as then the general power of a court of record over its own judgments, orders and decrees during the existence of the term at which they are first made is undeniable. But it is also a rule of the common law that the jurisdiction of a court over its decrees terminates with the close of the term at which they were rendered, and a judgment may be amended or corrected only at the term during which it was entered and not thereafter." But in the decision it was pointed out that there are certain well-defined exceptions to the foregoing rule. These exceptions may be summarized as follows: (1) where the subject is governed by statute, (2) the correction of a clerical error, (3) where the judgment has been entered by misprision of a clerk, (4) errors of law disclosed by the record or where it appears that there are errors in matters of fact which have not been put in issue and passed upon and were material to the validity and regularity of the proceedings, and (5) where from the record it is apparent that the judgment is void in law. (See also *United States* v. *Mayer, supra*; 15 R. C. L., *supra.*)

It was held by this court in *Silva* v. *Hind-Clarke Dairy, supra,* that a judgment based upon a trial had without notice to the opposing party is void and may be set aside at a subsequent term of court.

The decision of the circuit judge nullifying the judgments lacks clarity and it is impossible to ascertain therefrom the underlying grounds of the decision. Whether the defendant or his counsel had notice of the proceedings of July 1, 1931, is doubtful. Certainly they were not present in court and we think it clear that the defendant was not *called* as required by section 4107, R. L. 1935. If this section was not complied with the causes fall within the rule established by this court in *Silva* v. *Hind-Clarke Dairy, supra,* and the judgments were void.

The defendant urges that because the judgments, aside from the formal proof of the assignment of the claims to

plaintiff, were supported solely by the testimony of a person theretofore convicted of the crime of perjury the judgments are void. At common law a person convicted of an infamous crime was deemed unworthy of credit in the administration of justice and was barred from giving evidence in a court of law. In this jurisdiction the common law rule has been modified by statute. Section 3823, R. L. 1935, provides in part: "No person offered as a witness shall be excluded by reason of incapacity from crime, perjury or subornation of perjury only excepted, or interest, from giving evidence either in person or by deposition according to the practice of the court, on the trial of any issue joined or of any matter or question, or on any inquiry arising in any suit, action or proceeding in any court, or before any person having by law or by consent of parties authority to hear, receive and examine evidence." Under this statute a person convicted of the crime of perjury or subornation of perjury is deemed insensible to the obligation of an oath and therefore incompetent to testify. The statute prescribes a rule of evidence which may not be modified or annulled by executive order. (*Blakely* v. *Bearden,* 281 Pac. 952; *People* v. *Evans,* 40 N. Y. 1. See also 70 C. J. 105.)

Plaintiff's writ of error was issued in these causes on April 5, 1935, more than two years subsequent to the orders of dismissal. The defendant contends that the orders were final in their nature and the plaintiff having failed to procure his writ within ninety days as required by section 3550, R. L. 1935, this court is without jurisdiction to consider the question. If we adopt plaintiff's theory of the case, that is to say that the orders impeaching and annulling the judgments were void because the court had lost jurisdiction of the cause at the time the orders were entered, then we think it follows that the orders were final and that the proceedings in error to review the action of

the court were required by statute to be instituted within ninety days thereafter. This is the effect of the decision in *Phillips* v. *Negley,* 117 U. S. 665. The distinction clearly indicated in the decision is that where an order vacating a judgment is made at the term in which it was entered the order is interlocutory in nature and ordinarily not appealable. If on the other hand the court making the order is without jurisdiction the order is final and appealable. (*Phillips* v. *Negley, supra; Smith* v. *Gorlo,* 52 F. [2d] 848; *Weaver* v. *Weaver,* 107 Pac. 527; *Territory* v. *Cotton Bros.,* 17 Haw. 374.)

But aside from these questions we think it clear that plaintiff waived such rights as he may have had to appeal from the orders of March 2, 1932. He not only refrained from interposing any objections to the orders for a period of over two years but actually acquiesced therein and accepted the benefits accruing to him thereunder. (See 3 C. J., p. 664.) His every act for the entire period was wholly inconsistent with any dissatisfaction with the orders setting aside the judgments. As pointed out in *Territory* v. *Cotton Bros., supra:* "A waiver partakes to some extent of the nature of an estoppel. It is sometimes called a quasi-estoppel. In general, unless it is express, it is shown either by such laches or by such inconsistent action as shows an intention not to rely upon the objection. For instance, moving for or consenting to repeated continuances after opportunity to raise the objection might be regarded as sufficient laches, and joining in error or submitting or agreeing to submit the matter upon its merits might be sufficient action of an inconsistent character."

This leaves for our consideration but one question, namely, did the circuit judge commit error in dismissing the causes for want of prosecution? We think he did. The plaintiff was not in default nor was he ever called and declined to answer. At the time the motions to dismiss were

granted and during the several hearings thereon plaintiff was present in court apparently anxious to proceed with the trials. He had recently made ineffectual attempts to have the cases set for trial on a day certain. This court in *Silva* v. *Hind-Clarke Dairy, supra,* has held that the procedure required for the dismissal of a civil action for want of prosecution is expressly prescribed by law, that is section 4107, R. L. 1935, which reads in part as follows: "When a cause is reached upon the calendar, the plaintiff shall be called by the clerk, and if the plaintiff be not present, nor represented by counsel who is present, or if he or his counsel being present decline to answer when so called, he may be declared nonsuit with costs." The court held that the action of the circuit judge in dismissing plaintiff's action was in conflict with the above-quoted portion of section 4107, R. L. 1935, and was therefore unauthorized and void.

The orders of dismissal of January 3, 1935, are set aside and the causes are remanded to the circuit court for further proceedings consistent with this opinion.

*D. G. Ridley (Smith, Wild, Beebe & Cades* on the briefs) for plaintiff.

*J. G. Anthony* and *S. Landau (B. S. Ulrich, F. Patterson* and *Robertson, Castle & Anthony* on the briefs) for defendant.