HARRY L. ARNOLD, JR. AND JEANNE P. ARNOLD.
*v.* CITY AND COUNTY OF HONOLULU, A
MUNICIPAL CORPORATION.

No. 4154.

July 20, 1961.

Tsukiyama, C. J., Cassidy, Wirtz,
Lewis and Mizuha, JJ.

*Per Curiam.* Appellants filed their complaint in the
Circuit Court, First Circuit, on October 17, 1952. De-
murrer by appellee was overruled on December 29, 1952,
and answer filed January 15, 1953. The matter was set
for trial November 7, 1955, but taken off the trial calendar
by minute order of the trial judge on July 20, 1955. The
case was again set for trial on December 12, 1955. On
November 18, 1955, a minute order was entered once again
taking this case off the trial calendar. On April 22, 1959,
the case was ordered transferred to the presiding judge
of the First Division of Circuit Court, First Circuit.
Thereafter appellee moved pursuant to R.L.H. 1955, §
231-4 and rule H.R.C.P., Rule 41(b), to dismiss this ac-
tion. On July 1, 1959, the lower court ordered this case
dismissed with prejudice for lack of prosecution. The basis
of the ruling was that § 231-4 applied and made the

dismissal mandatory. The court did not rely upon H.R.C.P., Rule 41(b), in making its ruling, and that ground of the motion is not before us.

R.L.H. 1955, § 231-4, reads as follows:

" * * * A cause remaining untried for a period of six years after it has been placed on the calendar, without action of the defendant to delay or postpone trial, shall stand dismissed with prejudice for want of prosecution without the necessity of entering any order of dismissal."

The record discloses through the uncontradicted affidavit of William L. Fleming, counsel for appellants, that a stipulation was entered into by counsel to remove this cause from the trial calendar on November 18, 1955, after which the following minute order was entered in the record:

"At Term: Fri., Nov. 18, 1955     3:30

"*Minute Order—Continuance*

"Inasmuch as both Mr. Fleming and Mr. J. Peters, counsel for the plaintiff and defendant, respectively, are engaged in a jury trial before Judge McKinley on the same day this trial is to be heard in this division, the court removed this case from its calendar trial to be reset later when space is available on the Court's trial calendar.

By Order of the Court

M. K. Heine

Clerk"     (R. Minutes)

The stipulation which removed the cause from the trial calendar was at the instance of both parties, for the purpose of avoiding a conflict in trial dates. This court construes appellee's joining in the stipulation as action on the part of the defendant to delay or postpone the trial as contemplated by R.L.H. 1955, § 231-4. *State* v. *Superior Court for King County,* 6 Wash. 2d 540, 108

P. 2d 342; *State* v. *Superior Court for Chelan County*, 41 Wash. 2d 484, 250 P. 2d 536. Hence, the six year period had not expired on July 1, 1959. The required condition for dismissal under R.L.H. 1955, § 231-4, was therefore lacking.

Counsel has not questioned the continued effectiveness of § 231-4 since the adoption of the Hawaii Rules of Civil Procedure. For the purpose of the case we have not deemed it necessary to rule on the point and have assumed the continued effectiveness of this statute.

Reversed and remanded for further proceedings.

*William L. Fleming* (*Smith, Wild, Beebe & Cades*) for appellants.

*Norman K. Chung* (Corporation Counsel and *Ben F. Kaito*, Deputy Corporation Counsel) for appellee.