EDGAR A. KUDLICH *v.* JOHN G. CICIARELLI AND OAHU INSURANCE AGENCY, LTD., A HAWAII CORPORATION.

No. 4353.

APRIL 20, 1965.

TSUKIYAMA, C.J., CASSIDY, WIRTZ, LEWIS AND MIZUHA, JJ.

*Per Curiam.* This is a civil case having its inception by the filing of the plaintiff's complaint in the First Circuit Court on March 31, 1956. Defendants filed an answer

and counterclaim on April 12, 1956. An answer to defendants' counterclaim was filed on May 2, 1956.

On July 20, 1962, pursuant to Rule 13(g)[1] of the revised Rules of the First Circuit Court, effective July 1, 1960, the clerk of the court notified the parties that the case would be dismissed unless objection was filed within ten days of the receipt of the notice. On July 31, 1962, plaintiff filed a timely objection, together with a Statement of Readiness as required by said Rule 13 in order to place the case on "the ready trial calendar of civil cases," so designated by Rule 13(a) of the First Circuit Court rules, as revised. This was followed by a motion to set plaintiff's objection for hearing, filed on September 19, 1962. At the conclusion of argument on the objection, held on September 28, 1962, the court declared that the case would not be dismissed under Rule 13(g) aforesaid but ordered further hearing to determine the applicability of the automatic dismissal provision of R.L.H. 1955, § 231-4. After this further hearing, the court ruled that the statute did apply, and entered an order dismissing the case with prejudice on November 1, 1962. The case is now before this court on plaintiff's appeal. The sole question involved is whether R.L.H. 1955, § 231-4, operated to effect an automatic dismissal.

The archivist of the First Circuit Court was the only witness called. His testimony was confined to his under-

---

[1] Rule 13(g) provides:

"(g) Where no Statement of Readiness has been filed within four years after a case is at issue or within any extension thereof granted by the court, the clerk shall notify in writing all parties affected thereby that the case will be dismissed for want of prosecution unless objections are filed within 10 days after receipt of such notice. If objections are not filed within said 10-day period or any extension thereof granted by the court, the case shall stand dismissed with prejudice without the necessity of an order of dismissal being entered therein. Where objections are filed within said 10-day period or any extension thereof granted by the court, the court shall hear said objections upon notice before ordering any dismissal."

standing of the procedural aspects of the First Circuit Court rules and the aforesaid statute pertaining to automatic dismissal. He stated that prior to the 1960 revision of the Circuit Court rules it was his practice to enter an order of dismissal under section 231-4 for the purpose of the record, though the statute did not require it. He entered such order six years after the case was at issue. Upon the filing of all answers the case was at issue and was on the ready calendar, he testified. After the 1960 revision of the Circuit Court rules he did not place any case on the ready calendar, whether or not at issue before 1960, unless a Statement of Readiness was filed.[2]

In *Arnold* v. *City and County,* 45 Haw. 165, 363 P.2d 968, this court rendered its decision as it pertained to the facts involved in that case without considering the effect of the Hawaii Rules of Civil Procedure or the 1960 revision of the First Circuit Court rules. These matters were not involved in *Arnold* but must be considered in the instant case.

Upon the record before us we must conclude that this case was placed on the ready calendar on May 2, 1956 when the answer to the counterclaim was filed and the case was at issue. The testimony of the archivist has not been rebutted, either by contrary testimony as to the practice at that time, or by evidence as to what happened in this particular case. However, as will be seen, the practice which the record shows was followed at the time was not mandated by statute to the exclusion of other methods of making up the ready calendar.

---

[2] Rule 13 of the revised First Circuit Court rules, effective July 1, 1960, provided that no action should be placed on the "ready trial calendar" unless a "Statement of Readiness" was filed, that pending cases would go on the calendar in order of issue date, if already at issue and if a Statement of Readiness was filed within 90 days, and that other cases would go on the calendar in the order in which the Statement of Readiness was filed. For the contents of a Statement of Readiness see note 17.

R.L.H. 1955, § 230-50[3] on which defendants rely, will first be considered. When considered in the light of its background, this section does not have the significance attributed to it by defendants. This section 230-50 originally was enacted as section 1111 of the Civil Code of 1859 and has remained unamended. In the Civil Code of 1859 it was followed by section 1112, which as amended became R.L.H. 1955, § 230-48, relating to demurrers. The latter section, as originally enacted, provided for decision on the demurrer by a "judge at chambers."[4] Section 1111 (now section 230-50) in contrast thereto provided for a calendar of cases "triable in the court in which the action was commenced." These were cases requiring action of a particular kind. *Cf., State ex rel. Kennedy* v. *District Court,* 121 Mont. 320, 194 P.2d 256, 260. The cases which this section had in view were those in which, as stated in section 1106 of the Civil Code of 1859 (later amended and becoming R.L.H. 1955, § 230-47), there was "an issue of fact to be determined by the jury." However, a jury could be waived as provided by section 1137 of the Civil Code of 1859 (later amended and becoming R.L.H. 1955, § 231-6). Thus section 1111 (now section 230-50) provided for the enrollment of cases requiring trial of factual issues, either by the jury or by the court if a jury was waived. It did not have the significance of prescribing that the date the case was at issue was determinative of its standing for trial. On the contrary, section 1161 of the Civil Code of 1859 provided that the courts of record might make their own rules for "making up calendars of the

---

3 This reads:

"§ 230-50. *Placing on calendar*. In case the defendant shall put in an answer denying the truth of the facts set forth in the plaintiff's petition, which answer shall be called the general issue, the clerk shall enroll the case upon the calendar of civil causes triable in the court in which the action was commenced."

4 This was later amended to provide for decision thereon "by the court in term time, or, to like effect, by a judge at chambers in vacation." S.L. 1919, c. 49, § 1.

causes, civil and criminal, coming on for trial in said courts," and this section remains unchanged as R.L.H. 1955, § 231-1. This section 1161 was followed by section 1162, subsequently considerably amended and now R.L.H. 1955, § 231-4, the principal section here involved.[5] As originally enacted it provided that: "Causes placed upon the calendar shall be taken up and disposed of in the order in which they stand, unless postponed by the court at the request of the plaintiff or the defendant." There was no second sentence. This section is considered *infra* at more length.

Under early rules, no longer in effect, cases were entered on the calendar, not according to the date of filing of the answer placing the case at issue, but instead "in the order in which the process was returnable" (3 Haw., Appendix, Rule XXII). Furthermore, under these early rules, except by leave of court a case did not go on the calendar as soon as it was at issue but only at the next term, unless process was returnable on or before the first day of the term. (*Id.*, Rule XXI.) However, by a 1905 enactment (S.L. 1905, c. 8) it was provided, as still stated in R.L.H. 1955, § 231-3, that every action should be tried "at the term of court to which the summons therein is returnable unless such action is continued according to law." Pursuant to another provision of the same 1905 act, now R.L.H. 1955, § 230-27, the summons was returnable "to the term pending immediately after the expiration of twenty days after the service of summons * * *." Under

---

[5] As last amended this reads:

"§ 231-4. *Cases tried in order unless postponed or advanced.* Causes placed on the calendar shall be taken up and disposed of in the order in which they stand unless postponed by agreement of the parties or advanced or postponed for reasons which the court may deem sufficient upon motion of either party. A cause remaining untried for a period of six years after it has been placed on the calendar, without action of the defendant to delay or postpone trial, shall stand dismissed with prejudice for want of prosecution without the necessity of entering any order of dismissal."

these provisions, in the absence of a valid court rule to the contrary, it became the duty of the clerk to place a case on the trial calendar in time for it to be tried at the term to which the summons was returnable, that is, the term pending immediately after the expiration of twenty days after the service of summons, if the case was at issue. However, it is important to note that section 1111 of the Civil Code of 1859 (now section 230-50), as administered for many years, was not determinative of the order of cases in making up the calendar, and that the only restriction which the 1905 act put on the rule-making power of the courts with respect to the making up of the calendar was that the trial of cases should not be delayed merely because a full term of court had not intervened after the summons was returnable.

It was in 1937, by S.L. 1937, c. 117, that the second sentence of section 231-4, under which this case was dismissed, was enacted. The 1937 session was the first convened after this court decided, in *Silva* v. *Hind-Clarke Dairy*, 33 Haw. 432, that a law action could only be dismissed for want of prosecution in the manner prescribed by the section which is now R.L.H. 1955, § 231-5.[6] This section, originally section 1163 of the Civil Code of 1859, required that the plaintiff be called by the clerk when the case was reached on the calendar, whereupon he might be declared nonsuit if not present or if he should decline to answer. The situation presented in *Silva* was as follows: A personal injury action was filed in 1933, together with a companion case in equity seeking to set aside a release. After an equity decree was rendered setting aside the

---

6 This section provides in pertinent part:

"§ 231-5. *Calling case; nonsuit; default.* When a cause is reached upon the calendar, the plaintiff shall be called by the clerk, and if the plaintiff be not present, nor represented by counsel who is present, or if he or his counsel being present decline to answer when so called, he may be declared nonsuit with costs. * * *"

release, defendant answered in the personal injury action, giving notice of intention to rely on the release as well as making general denial. While the equity decree was on appeal and the case remained in that state the newly appointed judge of the third division, to which the law calendar had been assigned, ordered that notice be given to attorneys by various methods that all cases filed before September 1, 1934 would be dismissed for want of prosecution unless motion to set for trial was filed by a certain date. Thereafter the court entered a "General Order of Dismissal for Want of Prosecution," excepting only cases on appeal, cases in which motion to set had been filed, and cases not at issue. Subsequently an order of dismissal was entered in the particular action involved, that is, the personal injury suit. After the equity appeal was disposed of, plaintiff sought to set the personal injury suit for trial and discovered the order of dismissal. Upon motion to set aside the order of dismissal, reinstate the case, and place it on the ready calendar for trial, the second division of the circuit court reserved the question whether the proceedings had in the third division were within the power of the judge, and the answer was in the negative for the reason, above stated, that law cases could only be dismissed for want of prosecution when reached on the call of the calendar. *Cf.*, *Titley* v. *Kaehler*, 9 Ill. App. 537.

The six-year provision enacted in 1937 by S.L. 1937, c. 117, *supra*, was added to the section which was originally section 1162 of the Civil Code of 1859, and which prior to 1937 had remained unamended, simply providing that: "Causes placed upon the calendar shall be taken up and disposed of in the order in which they stand, unless postponed by the court at the request of the plaintiff or the defendant." The six-year provision was expressly made applicable only to a case "remaining untried for a period of six years after it has been placed on the calendar,"

plainly referring to the trial or ready calendar, the same one which would determine the standing of cases and would cause them to be reached and called in normal course under the next section, section 231-5. The target of this enactment was the case which remained untried for six years after being placed on the calendar, without delay or postponement by the defendant. As held in *State* v. *Hawaiian Dredging Co.*, 48 Haw. 152, 397 P.2d 593, the statute did not and does not relate to jurisdiction over the subject matter; it at most affects jurisdiction over the parties, and can be waived.

The 1937 enactment was not only for the protection of a defendant, but also a tool for the courts to enable them to prune dead wood "without the necessity of entering any order of dismissal." However, this tool could not be used unless the court maintained a trial or ready calendar and the particular case was placed on it. The legislature could have provided, but did not provide, that the prescribed period should run from the filing of the answer.[7] If the court did not maintain a calendar, or did not place a particular case on the calendar when it should have, a defendant having in view the benefit of the six-year provision could complain, but the statute did not provide that it might be ascertained after the six years were over that the case should have been placed on the calendar six years before. As shown by *Hawaiian Dredging Co.*, complicated questions may arise as to when a case is ready for trial, and certainly that is true under the Hawaii Rules of Civil Procedure adopted in 1954, as hereinafter set out. The benefit of the statute has not, at any time, been self-effectuating, but on the contrary has been and is dependent upon the case being placed on the calendar and

[7] See, for example, former section 583 of the Code of Civil Procedure of California, considered in *Henderson* v. *Palmer Union Oil Co.*, 64 Cal. App. 81, 220 Pac. 672.

remaining there untried for the prescribed period.[8]

By section 2 of Act 117, S.L. 1927, the six-year provision was denominated a "limitation period," but as noted in *Hawaiian Dredging Co.*, a limitation period may be waived. Our statute is not of the type which measures the time for bringing the case to trial from the filing of the complaint,[9] nor is it of the type which calls for dismissal where no action has been taken in the case for a stated period.[10] Hence, it is incumbent on the one who hopes to invoke the limitation period to see to it that the time starts to run in the manner provided by law. Of course, if a defendant does not rely on a specific limitation period but instead on failure to prosecute as a ground for dismissal without regard to any specific limitation period, a different matter is presented. See discussion of H.R.C.P., Rule 41(b), *infra*.

When the Hawaii Rules of Civil Procedure were adopted, effective June 14, 1954, the need for appropriate rules for making up calendars became urgent. No longer was it possible to plead the general issue. H.R.C.P., Rule 8(b). A system of specific pleading was instituted, in contradistinction to the general denial under which, as provided by section 1107 of the Civil Code of 1859, which became R.L.H. 1955, § 230-51, any defense of law or fact could be made at the trial except as notice of a particular defense was required by rule of court under section 1108 of

---

[8] The terminology "remaining untried for a period of six years after it has been placed on the calendar" has reference to a case which has continued on the calendar unchanged for six years. "Remain" is defined in *Webster's New International Dictionary* (3d ed.), meaning 3, as "to continue unchanged in form, condition, status or quantity." This definition, as it read in the second edition, was applied in *State* v. *Lohnes*, 69 N.W.2d 508, 513 (N.D.).

[9] See, for example, *Eager* v. *Belmore*, 53 N.M. 299, 207 P.2d 519; *Geo. Walter Brewing Co.* v. *Henseleit*, 146 Wis. 666, 132 N.W. 631; *Bayle-LaCoste & Co.* v. *Superior Court*, 46 Cal. App. 2d 636, 116 P.2d 458.

[10] This type of statute was considered in *State* v. *United Dredging Co.*, 218 La. 744, 50 So. 2d 826; *Davant* v. *Coachman Properties, Inc.*, 118 So. 2d 844 (Fla. App.).

the Civil Code of 1859, which became R.L.H. 1955, § 230-52. See *Hakalau Plantation Co.* v. *Kahuena,* 14 Haw. 189, 191. Coupled with the system of specific pleading instituted in 1954 was a new system of pre-trial discovery, motions, and other pre-trial proceedings (see H.R.C.P., Rules 12(c), 26-37, 56), which could lead to disposition of a case without trial when that was not possible before,[11] or could signify that a case was not ready for trial though the answer had been filed. Indeed, with the introduction of cross-claims and third-party claims (H.R.C.P., Rules 13 and 14), and the provision for the court to order a reply (H.R.C.P., Rule 7(a)), it might be difficult for a clerk to ascertain when a case was fully at issue, and certainly a clerk could not ascertain when pre-trial discovery and other preliminary proceedings were over and a case actually was ready for trial. At the time when this new procedure was instituted, H.R.C.P., Rule 79(c), provided:

"* * * There shall be prepared under the direction of the court calendars of all actions ready for trial, which shall distinguish 'jury actions' from court actions.' "

And H.R.C.P., Rule 40, provided:

"The circuit courts shall provide by rule for the placing of actions upon the trial calendar (1) without request of the parties or (2) upon request of a party and notice to the other parties or (3) in such other manner as the courts deem expedient. * * *"

This was a mandatory provision in contrast with the mere authorization for rules for making up the calendar contained in R.L.H. 1955, § 231-1.

It is noteworthy that H.R.C.P., Rule 40, specifically provided that a circuit court might adopt the system of placing cases on the trial calendar on request. The Hawaii

---

[11] Section 1113 of the Civil Code of 1859, as originally enacted and applied in *Bishop* v. *Everett*, 6 Haw. 157, permitted the taking of testimony upon collateral facts involved in a demurrer, but this was eliminated by the revision of this section made by S.L. 1919, c. 49, § 2.

Rules of Civil Procedure were adopted in 1953 under sections 214-14 to 214-17, R.L.H. 1955, enacted by S.L. 1939, c. 215. Pursuant thereto these rules, when promulgated, became effective June 14, 1954, and superseded "any statute in conflict therewith." (R.L.H. 1955, § 214-17.)

However, under R.L.H. 1955, § 214-14, the rules could not "affect any statute of limitations." Even if the six-year provision of section 231-4 be regarded as a statute of limitations,[12] it was not affected in any significant sense by a provision that under circuit court rules trial calendars could be made up by placing cases thereon on request, any more than the statute of limitations was affected by the long-standing and accepted rule[13] that it must be pleaded in order for advantage to be taken of it.

We come now to the 1960 revision of the First Circuit Court rules. These rules were adopted and promulgated by order of this court under Article V, Section 6 of the State Constitution,[14] with the force and effect of law. Rule 13, here involved, related to practice in the circuit court and accordingly was within the scope of this court's constitutional power even if not in accordance with existing statutory law, as recognized by the legislature in the amendment made by Sp.S.L. 1959, 1st, c. 5, § 3, substituting the words "in all matters not otherwise expressly provided" for the words "in all matters not expressly provided by law" in R.L.H. 1955, § 215-29, relating to circuit court rules. As seen, at the time of this amendment it was expressly provided that under circuit court rules trial calendars could be made up by placing cases thereon on

---

[12] We do not decide this point. *Cf., State* v. *United Dredging Co., supra,* 218 La. 744, 50 So. 2d 826; *In re Thatcher's Estate,* 120 Cal. App. 2d 811, 262 P.2d 337; and cases cited in note 9, *supra.*

[13] *Kapela* v. *Gilliland,* 22 Haw. 655, 658; *Pahia* v. *Maguil,* 11 Haw. 530, 533.

[14] The State Constitution took effect upon the admission of the State, August 21, 1959.

request (H.R.C.P., Rule 40, *supra*), and the validity of this provision, even if in conflict with express statutory law, was recognized by the legislature by the above-cited 1959 amendment.[15]

On July 1, 1960, when the revised First Circuit Court rules took effect, four years and two months had elapsed since the instant case was placed on the calendar. Pursuant to Rule 13(b)[16] of these revised rules all that defendant had to do to maintain the case on the calendar was to request the same by filing the required Statement of Readiness. No complexity was involved, since even if proceedings preliminary to trial had not been completed there obviously had been "a reasonable opportunity to complete them." See Rule 13(a)(2).[17] By not requesting the maintenance of the case on the calendar defendant lost the benefit of the six-year provision insofar as stemming from the placing of the case on the calendar on May 2, 1956. For the six-year provision to apply the case had to remain on the calendar for six years during which it was not tried.

---

[15] In so saying we do not, of course, mean to intimate that a rule of practice could invade a matter of substantive right, or that the legislature indicated approval of such an invasion. There was no such problem here, as indicated *supra*, *circa* note 13.

[16] Rule 13(b) provides:
"(b) With respect to pending civil cases already at issue the Statement of Readiness may be filed within 90 days from the date of the promulgation of this rule, otherwise the case will be treated thereafter as a subsequently filed action. At the termination of said 90-day period the clerk shall prepare the initial ready trial calendar from the cases for which a Statement of Readiness has been filed in accordance with the foregoing, in order of issue date. Thereafter as to all other pending and subsequent civil actions they shall be placed on said calendar in the order in which the Statement of Readiness is filed."

[17] Under Rule 13(a) a Statement of Readiness is to set forth:
"(1) That the action is at issue;
"(2) That all necessary or proper preliminary proceedings allowed by statute and rule (Chapter V, Hawaii Rules of Civil Procedure, Sec. 225-2, R.L.H. 1955, etc.) have been completed by all parties; or, if such proceedings have not been completed, either that there has been a reasonable opportunity to complete them, or that the parties do not intend to conduct them.
"(3) That the action is ready for trial."

The case of course is now on the calendar pursuant to the Statement of Readiness filed on July 31, 1962, and the statute is operative from that date on.

In the interests of clarity we note that under H.R.C.P., Rule 41(b), a motion to dismiss for lack of prosecution may be made in a law case, as well as in an equity case. *Cf., You Dong Men* v. *Ai,* 41 Haw. 574. The principle that in a law case there can be no dismissal for lack of prosecution unless plaintiff fails to answer when the case is reached and called, laid down in 1935 by *Silva* v. *Hind-Clarke Dairy, supra,* 33 Haw. 432, does not obtain under the Hawaii Rules of Civil Procedure, and accordingly the alteration of that principle effected by the six-year provision in 1937 does not have the same importance as prior to the adoption of the Hawaii Rules of Civil Procedure. The six-year provision still may be useful, but it necessitates that defendants see to it that their cases are put on the trial or ready calendar promptly. For those who prefer to rely on a motion under H.R.C.P., Rule 41(b), that door also is open.[18] A dismissal under First Circuit Court Rule 13(g), for failure to file a Statement of Readiness, also is an available remedy in this circuit, and may be used with all the effectiveness of the six-year provision while at the same time providing for notice and hearing prior to dismissal.

The order of dismissal entered November 1, 1962 is vacated,[19] and the cause remanded for further proceedings consistent with this opinion.

*V. Thomas Rice,* for plaintiff-appellant.

*Frank D. Padgett,* for defendants-appellees.

---

[18] As in *Arnold* v. *City and County, supra,* 45 Haw. 165, 363 P.2d 968, we do not have any Rule 41(b) matter before us.

[19] According to the contentions of the defendants the case automatically stood dismissed on May 2, 1962, from which it would follow that the order of November 1, 1962 was a nullity and not appealable. *Cf., Cox* v. *Tanaka,* 46 Haw. 15, 374 P.2d 1, *rehearing denied,* 46 Haw. 51. Since we do not sustain defendants' contentions, we treat the order of November 1, 1962 as an appealable order.