363 P.2d 355

Gerald A. CLEAR, Father of Nancy Joan Clear, a minor, now deceased, Plaintiff-Respondent.

v.

Leland G. MARVIN, Defendant-Appellant.

No. 9050.

Supreme Court of Idaho.

July 5, 1961.

Martinson & Gale, Moscow, Hawkins & Miller, Coeur d'Alene, for appellant.

McCarthy & Adams, Lewiston, Sharp & Bishop, Clarkston, Wash., for respondent.

## PER CURIAM.

Plaintiff (respondent) brought this action to recover damages from defendant (appellant) for the wrongful death of plaintiff's nine-year-old daughter, alleged to have been caused by the negligence of the defendant. Upon plaintiff's motion for a summary judgment the trial court found that the child's death was the result of gross negligence on the part of defendant; that the defendant was liable therefor as a matter of law; and that there was a genuine issue as to the amount of damages which the plaintiff is entitled to recover. Judgment was accordingly entered determining defendant's liability and that the only issue remaining to be resolved is the amount of plaintiff's damage.

Defendant brought this appeal from the judgment. On defendant's motion the district court stayed further proceedings in that court, pending appeal.

The cause is now before this court on plaintiff's motion to dismiss the appeal. The issue is governed by I.R.C.P., Rule 56(c), which is as follows:

*"Motion for summary judgment and proceedings thereon.*—The motion shall be served at least ten (10) days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although

there is a genuine issue as to the amount of damages. Such judgment, when appropriate, may be rendered for or against any party to the action."

Idaho Code, § 13–201, enumerates the judgments and orders of the district court from which an appeal may be taken. The only interlocutory judgment from which an appeal is allowed by that section is one entered in an action for the partition of real property.

The judgment here entered has the character of finality, but only as to a portion of the issues raised by the pleadings. It is a judgment declared by the rule to be interlocutory in character.

Negligence and contributory negligence are issues of fact presented by the pleadings. The correctness of the court's ruling as to such issues may be seriously questioned. Merrill v. Duffy Reed Construction Co., 82 Idaho 410, 353 P.2d 657. This court may determine such question upon an appeal from the final judgment, but not upon this attempted appeal from the interlocutory judgment. Maybury v. City of Seattle, 53 Wash.2d 716, 336 P.2d 878; Hontz v. White, Wash., 348 P.2d 420; Owens v. Kuro, Wash., 354 P.2d 696; 3 Barron & Holtzoff, §§ 1231, 1241.

Appeal dismissed.

McQUADE, J., did not participate.