JOHN SHERIDAN MACKENZIE AND BEATRICE
SORENSEN MACKENZIE *v.* SUN CHOO CHOI
AND WAN SOON CHOI AND AMERICAN
SECURITY BANK.

No. 4393.

December 2, 1963.

Tsukiyama, C.J., Cassidy, Wirtz,
Lewis and Mizuha, JJ.

*Per Curiam.* Appellant American Security Bank, hereinafter called the "bank," on Sept. 12, 1963 filed a motion to remand the cause to the circuit court for further proceedings under H.R.C.P., Rule 60(b). The bank further moved for an extension of time for the filing of the record on appeal pending disposition of the motion to remand, and for a reasonable period thereafter should the motion to remand be denied.

Plaintiffs-appellees filed a return to the bank's motions together with a motion that the appeal be docketed and dismissed under Rule 8(b) of the rules of this court for failure to comply with H.R.C.P., Rule 73(g),[1] as required

---

[1] However, on July 29, 1963 the bank obtained from the circuit court an order extending the time for filing of the record on appeal and docketing of the appeal until September 17, 1963.

by Rule 8(a) of the rules of this court.[2]

At the request of plaintiffs-appellees[3] the record of the court below has been transmitted to this court for consideration in connection with the motion to dismiss the appeal. Upon consideration of this record we have concluded that the appeal must be dismissed but on the ground that it was premature and this court lacks jurisdiction to hear it. This accordingly moots all other motions including plaintiffs-appellees' motion to dismiss the appeal for lack of compliance with H.R.C.P., Rule 73(g).

This action was commenced by John Sheridan Mackenzie and Beatrice Sorensen Mackenzie, plaintiffs-appellees, against Sun Choo Choi and Wan Soon Choi, defendants who also are appellees in this court. On June 8, 1962 the court below ordered that American Security Bank, appellant herein, be made a party to the action. The order provided that defendants should serve on the bank a certified copy of their amended counterclaim together with summons and a copy of the court's order. On August 14, 1962, the bank filed its answer to defendants' amended counterclaim.

On October 25, 1962, plaintiffs Mackenzie and defendants Choi entered into a stipulation "that the above-entitled action be discontinued and dismissed with

---

[2] Plaintiffs-appellees coupled with this motion a motion for affirmance under Rule 6(f) of the rules of this court, but this feature of the motion requires no consideration as will appear.

Plaintiffs-appellees furthermore moved for an order directing the court below not to proceed with a certain "Amended and Supplemental Answer and Counterclaim" on the ground of lack of jurisdiction to proceed any further with that matter. Whether this jurisdictional point could be made by a motion or would have to be presented by petition for a writ of prohibition likewise will not be considered in view of the conclusion reached herein.

[3] H.R.C.P., Rule 75(j), provides that a party who desires to docket an appeal in order to make in this court a motion for dismissal or for any intermediate order may request the clerk of the circuit court to certify and transmit to the Supreme Court such portion of the record or proceedings below as is needed for the purpose of such motion.

prejudice." This stipulation was endorsed by the judge of the court below "Approved" and was filed November 1, 1962.

On March 13, 1963 the bank filed a motion for attorney's fees, and on May 9, 1963 a motion for additional attorney's fees. The bank, in making these motions, relied upon the terms of the mortgage between plaintiffs as mortgagors and the bank as mortgagee. On May 20, 1963 the court below denied the bank's motions on the ground:

"* * * Attorney's fees can only be awarded as ancillary to litigation between the Bank and Plaintiffs, or vice versa. On the present state of the record there is no actual litigation between Plaintiffs and the Bank. Defendant has duly served its Amended Counterclaim upon the Bank and the Bank has filed an Answer to said Counterclaim, serving said Answer on the Defendants only. That is as far as it goes."

On June 19, 1963 the bank instituted the present appeal from the aforesaid order of May 20, 1963. A motion for reconsideration of that order was pending at the time, but the motion had not been filed within ten days after the order. The bank felt that for that reason the motion for reconsideration did not toll the time for appeal and that, in order to present a timely appeal, it was necessary to file notice of appeal without awaiting disposition of the motion for reconsideration.[4]

On July 8, 1963 an order was filed denying the motion for reconsideration. In that order the court stated that "the within action has not yet been dismissed as to the bank and * * * on the present state of the record there is nothing to prevent the bank from filing and serving upon Plaintiffs and the Court hearing a claim based on para-

---

[4] See *Scott* v. *Liu*, 46 Haw. 221, 377 P.2d 696, *reh'g den.*, 46 Haw. 289, 378 P.2d 880.

graph 1 of the mortgage." However, on September 20, 1963 the court vacated this order of July 8, 1963 on the ground that "a Notice of Appeal having been filed on June 19, 1963, this Court was without jurisdiction to issue its Order * * * filed July 8, 1963."

Although the bank was not allowed attorney's fees on its motions made March 13 and May 9, 1963, the bank, pursuant to a motion made August 26, 1963, was allowed to file an amended and supplemental answer and counterclaim by another order of September 20, 1963, and on September 28, 1963 filed the same, claiming attorney's fees against plaintiffs Mackenzie on the basis of the provisions of the mortgage, and asserting that the stipulation filed November 1, 1962 was without the knowledge, consent and approval of the bank.

We are of the view that the action has not been discontinued as to the bank. Under H.R.C.P., Rule 41(a)(2), an order of the court was required for complete dismissal of the action as to all parties, because the stipulation of November 1, 1962 was not "signed by all parties who have appeared in the action" as provided by paragraph (1) of Rule 41(a), clause (ii). Paragraph (2) of Rule 41(a) provides for an order of the court in such case "upon such terms and conditions as the court deems proper." We need not consider what the effect would be, if any, of an order for complete dismissal of the action made without notice to parties who did not sign the stipulation of dismissal. We do not interpret the mere endorsement of the word "Approved" on the stipulation as tantamount to an order dismissing the action in disregard of the rights of parties who did not sign the stipulation. To date there has been no order discontinuing the action as to the bank. As seen, the bank now has on file an amended and supplemental answer and counterclaim seeking attorney's fees as against plaintiffs-appellees.

The denial on May 20, 1963 of the motions made March 13 and May 9, 1963 had no finality. This was not an application made by attorneys in their own behalf or made against a fund. *Cf.*, *Scott* v. *Stuart*, 22 Haw. 641, 642; *Trustees* v. *Greenough*, 105 U.S. 527, 531; *Preston* v. *United States*, 284 F.2d 514 (9th Cir.). The motions were made by the bank for an order compelling plaintiffs to pay attorney's fees. Judgment had not been entered against the bank—the dismissal did not operate against the bank. If it be assumed the bank would be prejudiced upon termination of the action without provision having been made for the fees of the bank's attorneys, nevertheless the bank clearly was not prejudiced when that eventuality had not been reached. *Cf.*, *Ex parte Peterson*, 253 U.S. 300, 319, in which the Court explained that a party who deemed himself prejudiced by an order that expenses of an auditor be paid by either or both parties as determined by the trial judge, which was error as the expenses should have simply abided the result of the action, might get redress through application to the trial court for a modification of the order or *after final judgment* by appeal.[5] As stated in *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, in language which fits the present case though held inapplicable in the situation there presented:

> "The effect of the statute is to disallow appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal. * * *

---

[5] As to whether the appeal should be taken from the judgment or from the order specified as error if made after the judgment (as may occur under the provision of H.R.C.P., Rule 58, that "entry of the judgment shall not be delayed for the taxing of costs") we are not called upon to say. *Cf.*, *Swalley* v. *Addressograph-Multigraph Corp.*, 168 F.2d 585, 587 (7th Cir.).

"Nor does the statute permit appeals, even from fully consummated decisions, where they are but steps towards final judgment in which they will merge. The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results. * * *"

The appeal taken from the order of May 20, 1963 having been interlocutory in nature and not allowed by the court below as provided by the last sentence of the first paragraph of Rule 73(a) and R.L.H. 1955, §§ 208-3 and 210-1, we are without jurisdiction of the appeal.

Appeal dismissed.

*Yoshio Shigezawa (Walter G. Chuck* of counsel) for defendant-appellant in support of motion to remand.

*Leon L. M. Chun* for plaintiffs-appellees in support of motion to dismiss.

*Matsuo Takabuki* for defendants-appellees appeared but did not argue.