ADA MORNEAU AND LIONEL A. MORNEAU *v.*
KAISER FOUNDATION HOSPITALS AND
KAISER FOUNDATION HEALTH PLAN, INC.,
BOTH CALIFORNIA CORPORATIONS, AND
GLORIA BADUA AND MARCIANO ACQUINO.

No. 4482.

AUGUST 23, 1965.

TSUKIYAMA, C.J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

*Per Curiam.* After judgment for plaintiffs pursuant to
a jury verdict, defendants were granted a new trial, and
plaintiffs appealed. This is a motion to dismiss the appeal
on the ground it is interlocutory. There was no applica-
tion for or allowance of the appeal by the court below.[1]

The question is whether H.R.C.P., Rule 73(i), abolish-
ing bills of exceptions (as well as writs of error) has

---

[1] *Cf., Mackenzie v. Choi*, 47 Haw. 298, 303, 387 P.2d 475, 478, citing the
last sentence of the first paragraph of H.R.C.P., Rule 73(a), which pre-
scribes the applicable periods of time and the procedure in case of an
interlocutory appeal. For the statutes antedating the Hawaii Rules of
Civil Procedure see R.L.H. 1955, §§ 208-3 and 210-1, which relate to dif-
ferent types of proceedings as noted in *Estate of Chinn*, 44 Haw. 613, 617,
359 P.2d 932, 934.

In *Rainbow Island Productions v. Leong*, 44 Haw. 134, 351 P.2d 1089,
we noted that the appeal, which was from an order for a new trial on
the question of damages, was "an interlocutory appeal * * *, duly allowed
* * *." Likewise, in *O'Daniel v. Inter-Island Resorts*, 46 Haw. 197, 198,
377 P.2d 609, 610, we noted that two days after the entry of the order
granting a new trial there was "an order allowing an interlocutory
appeal * * *."

brought to an end the Hawaiian practice under which a bill of exceptions could be taken from an order granting a new trial without making of a request for an interlocutory bill of exceptions. See *Chun Yin Kok* v. *Woo See Wo*, 30 Haw. 29, 33, quoting from *Territory* v. *Cotton Bros.*, 17 Haw. 374, 377, where the question was reserved, and citing *Martin* v. *Wilson*, 23 Haw. 74, 75, where the court expressly stated: "* * * as, under the practice in this jurisdiction an order granting a new trial is, for the purpose of an exception, a final order, the allowance by the circuit judge was not required." At the same time it was well settled under the prior practice that a writ of error would not lie in such a case, because the order granting a new trial was not a final judgment. *Territory* v. *Cotton Bros., supra*, 17 Haw. 374, 380; *Goo* v. *Hee Fat*, 34 Haw. 123, 129. As shown by the cited cases, the latter rule was subject to an exception hereinafter considered. At this point we consider plaintiffs' invocation of the former practice as to bills of exceptions.

H.R.C.P., Rule 73(i), provides that "wherever by law a judgment of a circuit court may be reviewed by the supreme court upon appeal, bill of exceptions or writ of error, the sole method of appeal shall be pursuant to an appeal perfected in the manner provided by this rule." And Rule 54(a) provides that "judgment" includes "any order from which an appeal lies." If this were all, the question would turn on the basic reasoning for the prior practice as to bills of exceptions and writs of error, respectively. This in itself would indicate that only the prior practice as to writs of error was pertinent. See *Territory* v. *Cotton Bros., supra*, 17 Haw. 374, 379-80. However, H.R.C.P., Rule 73(a) is decisive. This provides that the running of the time for appeal is terminated by the filing of a timely motion for a new trial under Rule 59 and does not commence to run until the *denial* of such motion. During the period when the time for appeal is not running

there is no opportunity for appeal, as illustrated by *Madden* v. *Madden*, 43 Haw. 148. Hence when a motion for new trial is filed there is no opportunity to appeal unless the outcome is a denial of the motion with the consequent reaffirmation of the judgment, whereupon the appeal lies from the judgment.[2] If a new trial is granted and the judgment consequently is set aside there is no final judgment from which to appeal. 6 Moore, *Federal Practice*, § 59.15(1), at 3896 (2d ed.).

It may be argued that Rule 73(a) is addressed to the time for appeal by one aggrieved by the original judgment, and has no bearing on the rights of the party who originally prevailed. This argument is not supportable; the rule is not so confined. For example, in the case of a motion for judgment n.o.v. the rule speaks of the time for appeal commencing to run either upon the granting or denying of the motion. The granting of such a motion would aggrieve the party who originally prevailed, the difference being that it would substitute a new judgment, whereas the grant of a new trial does not, and hence is not appealable as of right.[3]

Under prior Hawaiian practice a writ of error would lie from an order granting a new trial if the court was without jurisdiction to grant the new trial. *Goo* v. *Hee Fat, supra,* 34 Haw. 123, 128-29. Relying upon this line of authority, plaintiffs contend that the court below lacked jurisdiction to make the order here involved and that it is appealable for that reason. Whether the principle upon which this contention rests is applicable under the Hawaii Rules of Civil Procedure need not be decided. No such

---

[2] As held in *Miller* v. *Loo*, 43 Haw. 76, an appeal does not lie from the denial of a new trial but only from the judgment itself.

[3] Since, under the Hawaii Rules of Civil Procedure, an order granting a new trial is deemed interlocutory, R.L.H. 1955, § 210-1, constitutes authority for allowance of an interlocutory appeal in the type of case here presented, even though under the prior practice it was not necessary to resort to such provision in this type of case.

situation is before us, as now shown.

Plaintiffs' argument centers on the proposition that the order for new trial was based on grounds not presented in the motion for new trial, and hence not timely presented. The court, it is argued, cannot entertain new grounds of such a motion or act on its own initiative after the lapse of the ten days prescribed by H.R.C.P., Rule 59. We have carefully examined the motion for new trial and the order in question, and find no basis in the record for plaintiffs' argument.

Plaintiffs further argue that the court's reasons for granting the new trial were not within the scope of R.L.H. 1955, § 231-22, or any of the reasons for which new trials had been granted prior to the adoption of the Hawaii Rules of Civil Procedure.[4] Here the argument plainly advances into the merits. When and if the order for new trial comes before us for review we will have occasion to consider such contentions, but not at this time.

An order dismissing the appeal will be signed on presentation.

*Alexander C. Marrack* (*Thomas M. Waddoups* with him on the motion, *Robertson, Castle & Anthony* of counsel) for defendants-appellees, in support of motion.

*Ralph E. Corey* (*Clark & Corey* of counsel) for plaintiffs-appellants, in opposition.

---

4 H.R.C.P., Rule 59(a)(1) provides that a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law * * *." R.L.H. 1955, § 231-22, provides *inter alia* that "the court may in any civil or criminal case grant a new trial for any legal cause." Plaintiffs argue that the case law prior to the adoption of the Hawaii Rules of Civil Procedure was contrary to the order herein, contending that: "Only where the trial court has committed errors of law in the admission of evidence and only where such evidence is not ordered stricken (a second error of law), or where an error of law appears on the record showing that the judge failed to instruct the jury properly, has a ground for a new trial been established irrespective of the weight of the evidence." According to plaintiffs the opinion in *Young* v. *Price*, rendered after the trial herein, 48 Haw. 22, 395 P.2d 365, on which the trial court relied, "set forth a new principle, and a new reason for granting a new trial * * *." And it is argued: "This was not a reason for a new trial prior to the adoption of H.R.C.P. in 1954."