448 P.2d 250 (1968)
92 Idaho 635
John D. PERKINS et al., Plaintiffs-Respondents and Cross-Appellants,
v.
CITY OF POCATELLO, a municipal corporation of Idaho, E.A. Bogert, Norman Vaughn, Earl Pond, Rampton Barlow, Joel Anderson, Don Brennan, and Fred Snyder, City Commissioners, City of Pocatello, and W.D. Webb, City Manager, City of Pocatello, Defendants-Appellants and Cross-Respondents.
No. 10150.
Supreme Court of Idaho.
December 5, 1968.
Gerald W. Olson, Pocatello, for appellants.
Baum, Peterson & Kugler, Pocatello, for respondents.
McFADDEN, Justice.
The plaintiffs-respondents, policemen of the City of Pocatello, instituted this action against the City, its Council and Manager, defendants-appellants, seeking an order requiring that additional funds be paid into the City's Policemen's Retirement Fund. Following answer by the appellants, both parties moved for a summary judgment on the basis of pleadings and affidavits submitted by each of the parties. An "Order on Summary Judgment" was entered for the respondent policemen, and this appeal was taken by the City.
In 1947 the legislature enacted a law entitled "Policemen's Retirement Fund" authorizing cities and towns to come within its provisions. (S.L. 1947, Ch. 101, I.C. Title 50, Ch. 21). In 1967 the Act was revised and recodified as I.C. Title 50, Ch. 15. (S.L. 1967, Ch. 429, §§ 253-276). The Act authorized cities and towns to establish a policemen's retirement fund, financed by a property tax not exceeding one mill of assessed valuation, and by deductions not exceeding 3% from each policeman's salary. Shortly after enactment of the *251 1947 Act, the City of Pocatello elected to establish such a retirement fund for its policemen and since that time has annually levied one mill on all assessed valuation of the City, and has deducted 3% from each policeman's monthly salary for the purpose of financing the fund. In 1959 the legislature amended I.C. § 50-2112 (S.L. 1959, Ch. 138) increasing the authorized tax levy from one to two mills, and the salary deduction from 3% to 4%. The City of Pocatello never increased the levy of taxes above one mill nor increased the deduction from salaries above three per cent.
The trial court did not enter a summary judgment pursuant to the motion of the respective parties, but entered what it denominated an "Order on Summary Judgment." Under this order the court held that respondent policemen had acquired vested rights to retirement benefits by virtue of their contract of employment with the City, and that these rights were being endangered by the City's refusal to increase the tax levy and salary deductions authorized by the 1959 amendment to I.C. § 50-2112. The court then ordered that an actuarial study of the fund be made and that, dependent upon the results of that study, if necessary, the City should increase its levy to the maximum of two mills and deduct 4% from the policemen's salary, and "appropriate such further sums as may be necessary to establish a fund of sufficient size to discharge the obligations of the fund to the plaintiffs, and others similarly situated, and maintain such fund in an actuarially sound condition." The court then continued in its order as follows:
IT IS FURTHER ORDERED That upon said study being made by some person or firm qualified to project the obligations of the fund and such study being returned to the City and the Court, that the Court will consider allowing attorney fees in this action against the defendants and reserves a right to make such other order or decree to the city as may be appropriate in the light of such actuarial study to the end that there may be established and maintained an adequate sum in the fund to discharge the obligations arising against it by plaintiffs, and those similarly situated, and the court does hereby retain jurisdiction over this matter to enter any necessary orders that may be necessary to accomplish justice between the parties, based upon the actuarial study herein ordered." (Emphasis added.)
The Order on Summary Judgment is thus a finding by the court that the plaintiffs have acquired present vested rights and that it is necessary that an actuarial study of the fund be made. The court directed the City to have such an actuarial study of the fund made to determine the amount, if any, necessary to keep the fund in sound financial condition. The court, by its order, retained jurisdiction of the cause for further consideration and for further order. This "Order on Summary Judgment" is not a final judgment, but is in effect an interlocutory order, which is not a final determination of the cause between the respondents and appellant City.
I.C. § 13-201 deals with the judgments and orders which are appealable. It provides:
"An appeal may be taken to the Supreme Court from a district court.
"1. From a final judgment in an action or special proceeding commenced in a district court; * * *.
"2. From an order granting or refusing a new trial; from an order granting or denying a motion for a judgment notwithstanding the verdict; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of place of trial; from any special order made after final judgment; and from an interlocutory judgment in an action for partition of real property; within sixty days after the order or interlocutory judgment is *252 made and entered on the minutes of the court, or filed with the clerk."
It is evident that the Order on Summary Judgment now before the court does not come within any of the classifications outlined in the foregoing statutory provisions providing for appeals.
This Order on Summary Judgment is not that type of judgment contemplated by I.R.C.P. 54(b), which provides:
"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims * * *." (Emphasis added.)
I.R.C.P. 54(b) deals with the entry of a "final judgment" on one part of a claim where there are multiple claims. That is not the situation here, because here there is only one claim involving the same parties and the same justiciable issues.
I.R.C.P. 56(d), which deals with the situation in which a court on a motion for summary judgment determines what material facts exist without substantial controversy and what material facts are actually in good faith controverted, provides that the court may enter an order establishing the facts which are uncontroverted and hold a trial upon the facts which are controverted. This rule further provides that "It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just." Such an order generally is not appealable. Clear v. Marvin, 83 Idaho 399, 363 P.2d 355 (1961).
The order entered in this case does not have the finality essential for it to be considered as a final judgment, and is not one of the orders enumerated in I.C. § 13-201, from which an appeal may be taken. Under the circumstances, the appeal in this case is premature and must await final judgment in the case. Clear v. Marvin, supra; McPheters v. Central Mutual Ins. Co., 83 Idaho 472, 365 P.2d 47 (1961).
Appellant was aware of the problems created by the trial court's order wherein the court stated: "* * * the court * * * finds that the matter is one in which summary judgment may be granted at this time in favor of plaintiffs." This recitation however does not give finality to the order in view of its later provisions contemplating further hearings and subsequent orders.
Appeal dismissed.
Costs to respondent.
SMITH, C.J., and TAYLOR, McQUADE and SPEAR, JJ., concur.