ALFRED CHANG, ET AL. *v.* CITY AND COUNTY OF HONOLULU, A MUNICIPAL CORPORATION, ET AL.

No. 4780.

APRIL 7, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE KING ASSIGNED BY REASON OF VACANCY.

138

*Per curiam.* This case is before us on an appeal by plaintiffs from a circuit court order dismissing their complaint as to the City and County of Honolulu and its chief of police, hereinafter called movants. The order was entered in a tort action brought by plaintiffs against movants and certain police officers for assault and battery, false arrest and false imprisonment allegedly committed by the police officers. The ground for dismissal was that the complaint failed to state a claim against movants.

Plaintiffs took the appeal within the time allowed for appeals from final judgment and in compliance with all other requirements for appeals from such judgments. After plaintiffs filed their opening brief, movants obtained their stipulation for extension of time to file answering brief. Thereafter, and before the expiration of the stipulated time, movants moved to dismiss the appeal on the ground that the order appealed from was an interlocutory judgment, and the appeal was not taken in compliance with the requirements for appeals from interlocutory judgments.

Movants' motion to dismiss the appeal is well taken. The general rule is that a judgment is final for the purpose of appeal if it is final not only as to all claims but also as to all parties. *Collins* v. *Miller,* 252 U.S. 364, 370 (1920); *Hohorst* v. *Hamburg-American Packet Company,* 148 U.S. 262, 264 (1893). Here, the order of dismissal affected movants only and did not extend to the police officers. Thus, it was an interlocutory judgment.

H.R.C.P., Rule 54(b), provides an exception to the general rule with reference to any judgment on one or more but less than all of the claims in a multiple-claim action, entered pursuant to express determination that there is no just reason for delay and express direction for entry. In Rule 54(b) of the Federal Rules of Civil Procedure, as amended in 1961, there is a similar exception with refer-

ence to judgment affecting one or more but less than all of the parties in a multiple-party action. The Hawaii rules do not have any provision excepting multiple-party actions from the general rule.

An appeal may be taken from an interlocutory judgment whenever the trial judge thinks such appeal is advisable for a speedy determination of the case, and allows the same. HRS, § 641-31; *Re Estate of Clarence C. Chinn, Deceased,* 44 Haw. 613, 617, 359 P.2d 932, 934 (1961). Under H.R.C.P., Rule 73(a), in order to take such appeal, application for allowance of such appeal must be made in the court which entered the judgment within 10 days after its entry, and appeal must be taken within 10 days after its allowance. Plaintiffs failed to comply with this rule.

Plaintiffs contend that their failure to comply with H.R.C.P., Rule 73(a) was only a procedural defect, and the defect was waived by movants when they entered into stipulation for extension of time to file their answering brief. Failure to comply with the mentioned rule is jurisdictional. *Mackenzie* v. *Choi,* 47 Haw. 298, 303; 387 P.2d 475, 476 (1963). Thus, there can be no waiver of compliance.

Movants' motion to dismiss is granted.

*Roy Y. Kawamoto,* Deputy Corporation Counsel, City and County of Honolulu, for appellees, for the motion.

*Raymond Lee,* for appellants, contra.