503 P.2d 308

**Dorothy N. LLOYD, Plaintiff-Respondent,**

**v.**

**Robert E. LLOYD, Defendant-Appellant.**

**No. 11067.**

Supreme Court of Idaho.

Nov. 28, 1972.

William H. Mulberry, Orofino, Peter G. Leriget, Moscow, for defendant-appellant.

Allen V. Bowles, Utzman & Bowles, Moscow, for plaintiff-respondent.

PER CURIAM.

Claiming to be the holder of a life estate in certain real property occupied by the defendant-appellant, the plaintiff-respondent commenced this action to obtain possession of the realty and to recover damages. Upon the plaintiff's motion for summary judgment, the district court entered what it termed a "partial summary judgment"; the defendant appeals therefrom, contending that the court resolved genuine issues of material fact in reaching its decision.

This Court may, on its own motion, dismiss an appeal from an unappealable intermediate order or decision. State ex rel. State Board of Medicine v. Smith, 80 Idaho 267, 328 P.2d 581 (1958); Coeur d'Alene Turf Club, Inc. v. Cogswell, 93 Idaho 324, 331, 461 P.2d 107 (1969) (McQuade, J., dissenting). An interlocutory summary judgment, authorized by I.R.C.P. 56(c), is not appealable in Idaho. Clear v. Marvin, 83 Idaho 399, 363 P.2d 355 (1961) (per curiam); I.C. § 13–201. Similarly, where, as in this case, the summary judgment provides for "any further relief deemed just by the Court," it is generally not appealable. Perkins v. City of Pocatello, 92 Idaho 636, 448 P.2d 250 (1968).

The interlocutory character of the summary judgment appealed from in this case is indicated not only by the fact that the district court termed it "partial" but also by the court's provision for any further relief deemed just; as the appellant recognizes in his brief, the issue of damages was not resolved by the judgment entered. The "partial summary judgment" appealed from contemplates further proceedings in district court and, therefore, it is not a final judgment. Under the circumstances, the appeal in this case is premature, and review of the court's decision must await final judgment in the case. Perkins v. City of Pocatello, *supra*; Clear v. Marvin, *supra*; I.C. § 13–219.

Appeal dismissed. Costs to respondent.