536 P.2d 1126

**SOUTHLAND PRODUCE COMPANY, an Idaho Corporation, Plaintiff-Appellant,**

v.

**Robert BELSON et al., Defendants-Respondents.**

**No. 11658.**

Supreme Court of Idaho.

June 20, 1975.

Reed J. Bowen, Idaho Falls, for plaintiff-appellant.

, Winston V. Beard of Petersen, Moss, Olsen & Beard, Roger D. Cox of Cox & Fanning, Idaho Falls, for defendants-respondents.

SHEPARD, Justice.

This is an attempted appeal from the granding of a summary judgment in favor of three of five original defendants. Plaintiff-Appellant Southland Produce Company brought action against two individuals, Robert Belson and Howard Weiss and against three corporations, R. Belson Company, Gerber Potato Products, Inc. and Crest Produce Company. The action was brought seeking to impose joint and several liability against all defendants resulting from a sale of potatoes. Upon mo-

tion, the trial court granted the summary judgment in favor of the two individuals, Robert Belson and Howard Weiss, and one corporation, Crest Produce Company. Southland appeals the summary judgment of dismissal of the individuals Belson and Weiss. We dismiss the appeal as premature.

Respondent Howard Weiss argues that since summary judgment in this case was rendered in favor of some but not all of the defendants it is not a final judgment, and thus not appealable at this time. We agree. I.C. § 13–201 provides that a district court judgment is appealable if it is a "final judgment." A final judgment in this sense is a "final determination of the rights of the parties." I.C. § 10–701, Viani v. Aetna Insurance Company, 95 Idaho 22, 501 P.2d 706 (1972); Gerry v. Johnston, 85 Idaho 226, 378 P.2d 198 (1963).

Prior to the adoption of I.R.C.P. 54(b), the courts followed the "single judicial unit theory" in determining whether a judgment was appealable or not. Where multiple defendants were involved, an order terminating the action as to one or more but less than all of the defendants lacked finality where joint and several liability was asserted against all defendants. 6 Moore's Federal Practice § 54.23(4); Wright & Miller, Federal Practice and Procedure, Civil, § 2653.

It is therefore clear that unless the prior procedure has been changed by Rule 54(b), no appeal can be taken from this judgment. I.R.C.P. 54(b) provides in pertinent part: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment." See Viani v. Aetna Insurance Company, *supra*.

Rather obviously, the rule and our decision in *Viani* were directed at multiple claims rather than multiple parties. Prior to 1961, Idaho's rule and the Federal Rule 54(b) were identical. In that year, however, the federal rule was amended to include the language "or when multiple parties are involved." The adoption of Rule 54(b) liberalized the previously set forth practice by allowing an appeal in some circumstances where ordinarily such would not obtain. The rule obviously applies to multiple claims situations and the 1961 Federal Amendment intended that the federal rule would also apply to a multiple parties situation. Wright & Miller, *supra*. Several states have since 1961 adopted the Federal Amendment to Rule 54(b); however, Idaho Rule 54(b) has not been so amended.

The rationale for the change in rule to allow an appeal from the partial summary judgment in a multiple claim or multiple defendant situation is to prevent a possibility of wasted trial time which could have otherwise been eliminated with an immediate appeal from a partial summary judgment. On the other hand, permitting an appeal from a partial summary judgment might produce several appeals some of which might be unnecessary. The policy judgment to be made between the two possible rationales has been made and is reflected in Idaho's present Rule 54(b) permitting partial summary judgments in a multiple claims situation but not in a multiple party situation.

An additional if not overriding reason for our decision in this matter is the requirement in Rule 54(b) that a "final judgment" entered upon one or more but less than all the claims may be appealed *only upon an express determination that there is no just reason for delay*. While the language of our state rule does not refer specifically to "multiple parties" it is at least arguable that our rule by judicial construction could be held to include "multiple par-

ties." Even such a construction would not permit an appeal here since the trial court made no "express determination that there is no just reason for delay * * *"

Other courts with rules like 54(b) have consistently dismissed appeals as premature when fewer than all the defendants were dismissed. *See* Dean v. Powell, 111 Ariz. 219, 526 P.2d 1241 (1974); Chang v. City and County of Honolulu, 51 Haw. 137, 453 P.2d 753 (1969); Cascade Drinking Waters, Inc., v. Central Tel. Co., 88 Nev. 702, 504 P.2d 697 (1972); Aetna Casualty & Surety Company v. Miles, 80 N.M. 237, 453 P.2d 757 (1969).

The appeal is hereby dismissed. Costs to respondents.

McQUADE, C. J., and McFADDEN, DONALDSON, and BAKES, JJ., concur.