563 P.2d 45

**TWIN FALLS COUNTY,
Plaintiff-Respondent,**

v.

**Evel KNIEVEL et al.,
Defendants-Appellants.**

No. 12344.

Supreme Court of Idaho.

April 20, 1977.

322

Jay D. Sudweeks, of May, May, Sudweeks & Fuller, Twin Falls, for defendants-appellants.

Wayne D. Kidwell, Atty. Gen., Frank J. Dykas, Atty. at Law and William R. Hollifield, County Prosecutor, Twin Falls, for plaintiff-respondent.

BISTLINE, Justice.

This controversy arose from the ashes (and other litter) of Evel Knievel's unsuccessful attempt on September 8, 1974, to skycycle across the Snake River Canyon. Specifically, the action is to collect alleged costs of cleaning up after the crowds cleared away.

In 1972, the Commissioners of Twin Falls County enacted an ordinance requiring a license of all persons planning, promoting and conducting a "large public assembly" (roughly any event drawing more than 500 people for 18 hours or longer, not taking place at an established physical facility such as an auditorium or gymnasium). As part of the licensing requirements, a bond was required to indemnify the County from "any liability or causes of action which might arise by reason of granting this license, and from any cost incurred in cleaning up any waste material produced or left by the assembly."

In July, 1974, Knievel filed an application with the County for a license to conduct the skycycle jump, and for related events in the week preceding the day of the jump. The County (plaintiff and respondent) issued a license to Knievel, to be effective upon the posting of a bond in the amount of $10,-000.00, as provided in the ordinance. On August 23, 1974, Knievel formed a corporation, Snake River Canyon Enterprises, Inc., and posted a $10,000.00 bond, executed by co-defendant-appellant United Pacific Insurance Company, obligating the defendants to the condition of faithful observance and honest compliance with "the provisions and conditions of said License." The jump was attempted; the crowds dispersed; this controversy remains.

The City of Twin Falls, the Twin Falls Highway District, and the Magic Valley Memorial Hospital each made demand on

the County for, respectively, $4,956.50, $300.00, and $503.25, for costs and expenses which were allegedly a proximate result of that large gathering of the public who came to see the event, which gathering the County had authorized. The County, in turn, made demand on all three defendants for payment of these three claims, which demand was refused. The County filed its complaint initiating this action seeking a monetary judgment against the defendants for the total amount of the claims thus made against it. At the same time the County served defendants with a request for admissions, asking the defendants to admit, *inter alia*, that the County was the real party in interest and had capacity to maintain the suit. Defendants answered "no" to the aforesaid requests and at the same time answered the complaint, denying generally the material allegations, and affirmatively pleading that the County was not the real party in interest, and lacked capacity to maintain the suit. Defendants pleaded also that County did not state a cause of action in its claim for relief.

Defendants moved for a summary judgment of dismissal, to which they claimed to be entitled as a matter of law, contending there was no issue as to any material fact. The County served and filed its motion for partial summary judgment, asking the court to "decree":

(1) That County is the real party in interest.

(2) The validity of the licensing ordinance.

(3) That Knievel's license was issued under and in compliance with the ordinance.

(4) That the bond was required to fulfill the purposes of a certain paragraph of the ordinance.

(5) That County had received demands of the City and of the Highway District, respectively, for after-jump clean up of a city park and of a public road.

(6) That said demands or claims, from (5) above, "are liabilities or causes of action, or costs within the meaning" of the ordinance, "and as such are covered by said bond."

(7) That said demands or claims, again as from (5) above, "are causes of action or costs that are covered by the bond."

The court minutes reflect that the trial court ruled against defendants and for the County on both motions. County's counsel, in drawing the order for the judge's signature, titled it, not an order, but a "Judgment." It reads that "IT IS HEREBY ORDERED, ADJUDGED and DECREED" (following which are set forth, verbatim, each and every one of the above-enumerated seven points or propositions of law which were the basis of County's motion).

■ While it may very well be that the defendants concluded that this purported judgment was an adjudication of their liability, it is not. Nor did County's motion ask the court for a determination of the liability issue. It is merely an *in limine* determination of those points or propositions, being something in the nature of a pretrial order. These are points upon which the court, after a trial, might ordinarily have to rule upon in reaching the ultimate conclusion of liability or non-liability, but a decision of these propositions in advance of trial, does not serve as a final partial judgment such as is appealable to this Court. I.C. § 13–201; *Lloyd v. Lloyd*, 95 Idaho 108, 109, 503 P.2d 308 (1972); *Oneida v. Oneida*, 95 Idaho 105, 107–108, 503 P.2d 305 (1972); *Viani v. Aetna Insurance Co.*, 95 Idaho 22, 25, 501 P.2d 706 (1972).

■ Moreover, even had County asked for an adjudication of the liability issue, as a matter of law, and had the court entered such an order, this would only amount to a bifurcation of the liability and damage issues, and a final judgment would necessarily first have to be had prior to an appeal to this Court. I.R.C.P. Rule 56(c); *Viani, supra.* The County has but a single cause of action against multiple party defendants who do not sever and defend independently of each other. Thus viewed, this is *not* a situation for possible applicability of Rule

54(b), I.R.C.P. *See Dawson v. Mead*, 98 Idaho 1, 557 P.2d 595, 597 (1976); *John Deere Co. v. Kunzler*, 97 Idaho 921, 557 P.2d 199 (1976); *Merchants, Inc. v. Intermountain Industries, Inc.*, 97 Idaho 890, 891–92, 556 P.2d 366 (1976); *Southland Produce Company v. Belson*, 96 Idaho 776, 777–78, 536 P.2d 1126 (1975).

At best, the trial court has ruled that the demands or claims of the City and the Highway District presented to the County are causes of action or potential liabilities within the meaning of the ordinance, license, and bond. Should the City or the Highway District pursue these claims by filing suit, it might very well be that defendants will assume the defense. Defendants' counsel has stated that this is so. Be that as it may, at this point the County has *not* been held liable to either the City or the Highway District, and it is not named as defendant in any legal action. Hence, the defendants, seemingly with good reason, question their liability to indemnify, or to defend.

Accordingly, the appeal is dismissed. While the defendants also assign as error the action of the trial court in not granting their motion for a summary judgment of dismissal, such also is an interlocutory order, and not one from which an appeal can be taken. *Wilson v. DeBoard*, 94 Idaho 562, 494 P.2d 566 (1972).

Appeal dismissed. No costs.

McFADDEN, C. J., and DONALDSON, SHEPARD, and BAKES, JJ., concur.