584 P.2d 1241

Leslie L. MITCHELL, dba Mitchell Construction Co., and St. Paul Fire & Marine Insurance Co., Defendants-Appellants,

and

Leslie L. Mitchell, dba Mitchell Construction Co., Third-Party Plaintiff-Appellant,

v.

BINGHAM MECHANICAL & METAL PRODUCTS, INC., an Idaho Corporation, Second Third-Party Plaintiff-Respondent,

v.

GRINNELL CO. OF the PACIFIC, Grinnell Corp., ITT, Grinnell Corp., a Foreign Corporation authorized to do business in the State of Idaho, also United States Pipe & Foundry Co., a Foreign Corporation, Second Third-Party Defendants-Respondents.

No. 12644.

Supreme Court of Idaho.

Oct. 3, 1978.

---

John B. Kugler, Pocatello, for appellants.

Gary T. Dance of Merrill & Merrill, Pocatello, for respondents.

PER CURIAM:

In this appeal, third party plaintiff-appellant Leslie L. Mitchell, dba Mitchell Construction Co., challenges a district court order denying Mitchell leave to amend his third party complaint against third party defendant-respondent Bingham Mechanical & Metal Products, Inc. The circumstances from which this case arose are set forth fully in our prior opinion in this case. *Idaho State University v. Mitchell*, 97 Idaho 724, 552 P.2d 776 (1976).

On remand from our prior decision, the district court entered a pretrial order pursuant to I.R.C.P. 16(a) on December 6, 1976, directing all parties to make any amendments to their pleadings within ten days. Mitchell and his counsel received timely notice of the order, but at that time they made no effort to amend the third party complaint. In March of 1977 Mitchell, without offering any explanation for the delay, sought leave to amend his third party complaint to include a claim for $11,589.95 against Bingham Mechanical, which request was denied by the district court. All other claims in the case have been settled and dismissed pursuant to a stipulation, leaving Mitchell's attempt to amend his third party complaint the only remaining issue.

Mitchell appeals, contending that the trial court erred in refusing to permit the amendment to the third party complaint. The order denying leave to amend the third party complaint is not an appealable order under I.A.R. 11(a), and therefore the appeal is dismissed. *See Twin Falls County v. Knievel*, 98 Idaho 321, 563 P.2d 45 (1977).

Appeal dismissed.