628 P.2d 228

**Jeffrey McCLURE, Plaintiff-Appellant,**

v.

**NAMPA HIGHWAY DISTRICT, a Municipal Corporation, Defendant-Respondent.**

**No. 13105.**

Supreme Court of Idaho.

May 7, 1981.

Kenneth L. Pedersen of Webb, Burton, Carlson, Pedersen & Paine, Twin Falls, for plaintiff-appellant.

John P. Howard of Quane, Smith, Howard & Hull, Boise, for defendant-respondent.

BISTLINE, Justice.

In August 1977 at 12:30 a. m., when McClure's motorcycle went off the road at a

curve on Robinson Road in Canyon County, McClure struck a fence and was severely injured. The road was built and maintained by the defendant-respondent Nampa Highway District. There were no warning signs indicating an impending curve. The posted speed limit for that section of Robinson Road was 50 mph.

■ After filing an answer to McClure's complaint, the highway district moved for summary judgment of dismissal and McClure moved for summary judgment decreeing that the highway district was negligent *per se* in having failed to post any warning sign on the curve. At the ensuing hearing the court granted the highway district's motion, denied McClure's motion,[1] and entered judgment of dismissal with prejudice. The court held that the highway district was immune from suit on the basis of the "discretionary function or duty" exception in the Idaho Tort Claims Act, I.C. § 6–904, which provides:

"EXCEPTIONS TO GOVERNMENTAL LIABILITY.—A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which:

"1. Arises out of any act or omission of an employee of the governmental entity exercising ordinary care, in reliance upon or the execution or performance of a statutory or regulatory function, whether or not the statute or regulation be valid, or based upon the exercise or performance or *the failure to exercise or perform a discretionary function or duty* on the part of a governmental entity or employee thereof, whether or not the discretion be abused." (Emphasis added.)

■ *Dunbar v. United Steelworkers of America*, 100 Idaho 523, 602 P.2d 21 (1979), and *Gavica v. Hanson*, 101 Idaho 58, 608 P.2d 861 (1980), had not then been decided.

*Dunbar* held that in determining when discretionary immunity would attach to an act of the state, "wherein tort liability would attach to a private person, a governmental entity engaging in the same conduct will be liable." 100 Idaho at 546, 602 P.2d at 44. Subsequently, in *Gavica*, where the claim against the state was premised on its failure to place warning signs on a highway where industrial haze and fog regularly reduced visibility and created a hazard, we held:

"If a private person or business negligently allowed a dangerous condition to exist in a stairway or elevator and thereby caused injury, we would find the breach of a duty. No less so should we find a breach of a duty on the part of the state or a county which negligently maintained a dangerous condition on a stairway or elevator of a statehouse, courthouse, or other government operated building. We see no distinction between those situations and the negligent maintenance of a known dangerous condition of a highway, owned, operated and maintained by the State and upon which the public is invited to travel. Thus, unlike *Dunbar*, the State's action in the case at bar has a parallel in the private sector, and the State, under the Idaho Tort Claims Act, bears the same duty as does a private landholder. Hence, we hold that the State's alleged negligence is not immunized by the 'discretionary function or duty' exception to governmental liability found in I.C. § 6–904(1)." 101 Idaho at 65–66, 608 P.2d at 868–69.

*Gavica* is dispositive of the issue before us, and we accordingly reverse and remand for further proceedings.

Costs to appellant.

McFADDEN and DONALDSON, JJ., concur.

---

1. McClure on his cross-appeal contends that the district court erred in denying his motion for summary judgment. The district court may have denied McClure's motion on the basis of the highway district's immunity, or perhaps on the basis that it was not a proper motion. In any event, the order denying the motion is not appealable. *See Twin Falls County v. Knievel*, 98 Idaho 321, 563 P.2d 45 (1977). McClure's motion does not seek a summary judgment of the defendant's *liability*, but merely asks the trial court for an in limine order—better called a ruling—that failure to post the curve was negligence *per se*. That would be but one of the elements going to defendant's liability.

BAKES, Chief Justice, concurring specially:

The trial court's decision dismissing the plaintiff's complaint was based on the discretionary function or duty exception in the Idaho Tort Claims Act, I.C. § 6–904(1). Our subsequent decision in the case of *Gavica v. Hanson,* 101 Idaho 58, 608 P.2d 861 (1980), necessitates the reversal of the trial court's summary judgment in favor of the state based upon the discretionary function or duty exception. In my view the Court's opinion today should not be read as suggesting either that the claim is meritorious or that it may not subsequently be subject to dismissal on another ground.

SHEPARD, Justice, concurring in part and dissenting in part.

While I agree that the judgment in the instant matter must be reversed and remanded for further proceedings, I must respectfully dissent from the majority's failure to articulate any reasons therefor or to provide any guidance to the trial court upon remand.

The majority states that the trial court erroneously based its decision on the discretionary function exception to the otherwise liability of the highway district and notes that the trial court had neither omniscience nor the benefit of this Court's opinion in *Dunbar v. United Steelworkers of America,* 100 Idaho 523, 602 P.2d 21 (1979), or *Gavica v. Hanson,* 101 Idaho 58, 608 P.2d 861 (1980). On that basis alone, this Court summarily reverses and remands "for further proceedings."

The trial court, however, did not apparently base its ruling solely upon the ground set forth by the majority, but rather clearly stated that its ruling, in part at least, was based "considering the fact the accident in question occurred on the 20th day of August, 1977 and how I.C. § 6–904(1) *read at the time of said accident * * *."* The trial court was therein more perceptive than the majority in its quotation of the applicable governing statute. *See* I.C. § 6–904(1) as enacted by Chapter 150 of the Idaho Session Laws of 1971 and as amended by Chapter 167 of the Idaho Sessions Laws of 1974 and Chapter 272 of the Idaho Session Laws of 1978. It is clear that whatever the trial court may have had in mind as a result of those statutory changes, the "discretionary function" was not the primary consideration.

I do not purport to perceive and it is inappropriate here to attempt to unravel the legislative intent in that amendatory language to which the trial court made reference. It is my opinion, however, that, at least within the perimeters of the trial court's decision, there was a failure to give any attention, consideration or discussion to the real issue in the case. That failure of the trial court is continued here.

The instant case and its record below differs substantially from many situations presented to this Court after the grant of a summary judgment. Here counsel has made and presented a substantial record delineating the factual issues which in most respects remain to be resolved by a trier of fact. Plaintiff-appellant contends that the roadway admittedly owned and maintained by the governmental entity was dangerous in one respect, *i. e.,* the existence of a curve in that roadway. The record discloses the opinions of self-acknowledged experts stating conflicting views. Regardless of whether that particular stretch of roadway is "dangerous," obviously a question is presented as to the applicability of I.C. § 6–904(8) exempting government liability which arises out of a design for a highway "where such plan or design is prepared in substantial conformance with engineering or design standards *in effect at the time of preparation of the plan or design * * *."* (Emphasis supplied.) Further, I would note that of substantial significance is plaintiff-appellant's contention that the governmental entity here was negligent in failing to place signs adequately warning motorists in advance that they were approaching a "dangerous" segment of the highway. In-

evitably, that contention brings into focus the question of whether a curve in the highway in and of itself is "dangerous" and thereby a risk which had or should have been seen and assumed (see the dissent in *Gavica*), or on the other hand, whether a curve in a roadway is inert and neither dangerous nor non-dangerous, but rather made so by the lack of information furnished to a member of the traveling public approaching that segment of the highway. It is a long road which has no turning.

Thus, in my judgment, the instant case differs substantially from the factual pattern in *Gavica*. There the design or construction of the highway was not in question, but rather a hazard created by outside parties and forces creating a condition which made travel on the highways dangerous. In *Gavica* the question was whether the failure to warn of that known, acknowledged and admitted danger was negligence for which the governmental entity should respond in tort liability. Hence, the factual pattern was much more similar to that in *Smith v. State*, 93 Idaho 795, 473 P.2d 937 (1970), wherein there was no necessary danger from the design of the roadway. In the instant case it is the assertion of the plaintiff-appellant that the design and construction of the roadway was dangerous and the governmental entity was further negligent by not adequately warning of the dangerous design.

I believe the majority opinion errs in failing to supply any guidance to the trial court upon remand.